## J. N. PETERS v. G. H. STRAUSS ET AL.

Decided November 26, 1910.

### 1.—Contract—Rescission—False Representations.

False representations concerning property offered for sale or exchange can not be cause for equitable relief when the facts, concerning which the representations were made, were known to be otherwise and the representations were not relied on.

### 2.—Trial—Exclusion of Testimony—Presumption—Practice on Appeal.

In the absence of a statement of the evidence in the brief showing that a witness was qualified to testify as to the value of the property in controversy, the ruling of the court in excluding said testimony on objection thereto will be presumed to be correct.

### 3.—Contract—Rescission—Innocent Misrepresentations.

Misrepresentations of a material character, although innocently made, will furnish a valid ground for the rescission of a contract in an action by the party deceived; therefore, in such a suit even though plaintiff alleged that the party making the representations knew them to be false, it would not be necessary to prove it.

### 4.—Escrow—Definition.

To give a deed the character of an escrow it is essential, not only that it should be delivered to a third person but also that its delivery to the grantee should be dependent upon the occurrence of some event or the performance of some condition by the grantee. If, therefore, it be delivered to a third person to be kept by him during the pleasure of the grantor and subject to his order, it is not an escrow. During such time it is presumed to be in the possession of the grantor. Pleading and evidence considered, and held insufficient to sustain a contention that a deed was an escrow.

### 5.—Contract—Rescission—Misrepresentations—Charge.

In an action to rescind a contract for an exchange of property on the ground of false representations, the court charged the jury that they must find that the misrepresentations of the defendant were material before they could render a verdict in plaintiff's favor. Held, the charge was sufficient in the absence of a request for further instruction upon the elements of material, as distinguished from immaterial, misrepresentations.

### 6.—Special Charge—Ignoring Other Issues—Refusal.

A requested charge is properly refused when it makes the case hinge upon one issue to the exclusion of other issues of equal importance.

### 7.—Rescission—Fraud—Recrimination.

In an action to rescind a contract for the exchange of properties on the ground of false representations by the defendant, it is no defense for the defendant to allege and prove that the plaintiff made false representations as to his property also.

Appeal from the District Court of Lipscomb County. Tried below before Hon. F. P. Greever.

C. Vincent Jones and Adkins & Sewell, for appellant.—When the plaintiff is seeking equitable relief and it is charged by the defendant that the plaintiff is guilty of inequitable conduct, fraud and false representation, and there is testimony to sustain such allegation, it is error on the part of the court not to charge the jury, when so requested, that

if the plaintiff is guilty of false and fraudulent representations in the transactions, such conduct on his part prevents his recovering on his equitable pleas. Pomeroy on Equity, pp. 316, 317, 980; 26 Texas, 476; Simkins on Equity, pp. 71-75, 316-17; 16 Cyc., p. 144.

Where an allegation is made by a plaintiff that representations were false and knowingly and intentionally made, it is not sufficient to prove simply that the representations were false, but plaintiff having alleged that they were false and that the party making them knew that they were false, the proof must support the allegation of knowledge of their falsity on the part of the one making them. St. John v. Berry, 63 Kan., 775; McKown v. Furgason, 47 Iowa, 636; Pearson v. Howe, 1 Allen, 207; Southwick v. First Nat. Bank, 61 Howard Prac., 164; Romeyn v. Sickles, 108 N. Y., 650, 20 Cyc., 106.

When false and fraudulent representations are alleged, to warrant a rescission of or a refusal to perform a contract it must be shown that a performance of the contract would have resulted in injury to the party seeking to avoid performance. Simkins on Contracts, p. 126; Moore v. Cross, 87 Texas, 557; Bremond v. McLean, 45 Texas, 17; Townes' American Elem. Law., p. 380.

*E. C. Gray* and *H. E. Hoover*, for appellees.

DUNKLIN, ASSOCIATE JUSTICE.—By the terms of a parol contract between Herman Strauss and J. N. Peters the former agreed to convey to the latter eight hundred and twenty-three acres of land in Lipscomb County, Texas, and Peters agreed to convey to Strauss certain lots and a hotel building, together with hotel furniture, all situated in Selden, Kansas. Strauss executed a deed to the Lipscomb County land purporting to convey it to Peters, and the same was placed in a bank in Shattuck, Oklahoma, but it was subsequently withdrawn therefrom by Strauss. Peters procured a copy of the deed and placed it on record in Lipscomb County.

Strauss instituted this suit against Peters, alleging that he was induced to enter into the agreement to exchange properties with Peters by false and fraudulent representations of the latter relative to the Kansas property. Plaintiff alleged that his deed had never been delivered to Peters, and that he had repudiated the agreement to exchange properties after discovering the fraud practiced upon him, and that Peters had acquired no title to the Lipscomb County land but that the record of the copy of the deed mentioned above cast a cloud upon his title, and he sought a judgment decreeing as null and void both the original deed and the copy.

In addition to a general and a special answer denying the misrepresentations alleged, Peters alleged that the deed to the Lipscomb County land was duly delivered to him by Strauss, but that afterwards Strauss surreptitiously regained possession thereof; that he, Peters, was induced to enter into the agreement for exchange by false and fraudulent representations of Strauss resulting in damages to defendant in the

sum of five thousand and thirty-two dollars and sixty cents. He resisted cancellation of the deed, pleading estoppel against plaintiff by reason of the alleged fraud, and sought a judgment over against Peters for the damages alleged.

During the pendency of the suit, Wm. Drum, Wm. O. Erts, Grace B. Erts and C. L. Barnes seem to have acquired deeds of conveyance to portions of the property and, after being vouched into the suit by Peters, they joined with plaintiff and prosecuted the suit as his co-plaintiffs. The judgment awarded plaintiffs the relief prayed for by them, and Peters has appealed.

Several assignments of error are presented by appellant to the action of the court in excluding certain testimony which was offered in support of his allegations of misrepresentations and fraud on the part of Strauss relative to the value of the Lipscomb County land, its distance from Shattuck, Oklahoma, and the depth of water below the surface in a well upon the land. The evidence showed that appellant had been upon the land before the parol agreement for exchange of properties was made, and in no event could there be error in excluding such testimony.

There was no error in admitting the testimony of W. R. Reed giving as his opinion that the hotel building situated in Selden, Kansas, could not be rented for hotel purposes. Plaintiff had alleged that defendant represented to him that the building was rented for fifty dollars per month, and Reed's deposition was offered to prove the falsity of that representation. We think that Reed duly qualified himself to give such an opinion and there was no error in overruling appellant's objection thereto.

Nor was there error in refusing to permit appellant to testify that he became acquainted with Strauss through his agent, A. N. Eddy, as such testimony was wholly immaterial to any issue in the case. It was not permissible for Peters to testify that A. N. Eddy had told him that Strauss had investigated the Kansas property prior to October 23, 1907, as no facts were shown to make such a statement by Eddy admissible against Strauss.

Complaint is made of the exclusion of depositions of C. S. Laird, L. B. Miller, Anna R. Wood and L. M. Linton touching the value of the Kansas property. The bill of exception shows that the depositions were excluded upon the objection that the witnesses had not qualified themselves to testify to such values. There was no showing in the bill, nor has appellant pointed out any evidence in his brief to show, that these witnesses had qualified to give such opinions and, in the absence of such showing, the ruling of the court will be presumed to be correct, and accordingly the assignment of error complaining of that ruling is overruled.

It is well settled in this State that misrepresentations of a material character, although innocently made, will furnish a valid ground for rescission of the contract in a suit by the party deceived, and the trial court committed no error in so charging the jury. Although plaintiff

alleged that Peters knew that the misrepresentations charged were untrue, it was not incumbent upon him to establish this allegation in addition to proof of the misrepresentations as the same would be surplusage only.   Collins v. Chipman, 41 Texas Civ. App., 563 (95 S. W., 673) ; McCord-Collins Co. v. Levi, 21 Texas Civ. App., 109 (50 S. W., 607) ; Culbertson v. Blanchard, 79 Texas, 492; Buchanan v. Burnett, 102 Texas, 495.

Appellant challenges the correctness of the following paragraph of the court's charge:  "A deed delivered by a grantor to a third party to be delivered to the grantee at some future time and when so directed by him, or upon the happening of some future event, is a delivery in escrow, and no title passes thereby until the deed is actually delivered as hereinbefore defined; if therefore you find and believe from the evidence in this case that the deed from the plaintiff was by the plaintiff delivered to the Shattuck bank, and was not to be turned over to the defendant until directed by the plaintiff to be delivered to defendant, and you further believe that he has never consented to or directed its delivery, then your verdict should be for the plaintiff for the land in controversy."

Also another portion of the charge reading as follows:  "You are further instructed that if you find and believe from the evidence that after the execution of the written contract in October, 1907, that both plaintiff and defendant mutually agreed to abandon said contract and did abandon the same; and you further find that they thereafter made and entered into a verbal agreement for the sale or exchange of their respective properties; and you further find that acting under said verbal agreement, if any, plaintiff executed a deed for the Lipscomb County land to the defendant; and you further find that said deed was placed in escrow in the Shattuck bank and never delivered to the defendant, then you are charged that plaintiff would not be bound by such verbal agreement to convey such land even though he had executed a deed thereto, and, in the event that you so find, your verdict should be for plaintiff."

In connection with the instruction first quoted the court further charged the jury as follows:  "If, however, you find and believe from the evidence that the plaintiff, after he executed the deed, actually intended to deliver the same to defendant and did actually deliver to him, as the term delivery has been defined to you; or if you find and believe that the delivery to the bank was intended to be an actual delivery to the defendant, then, if you so find, you are instructed to find for the defendant, unless you should find for plaintiff upon instruction hereinafter given you."   The only instruction which followed, in any manner limiting the defendant's right to a verdict under the instruction last quoted, was an instruction submitting plaintiff's right to recover upon his allegations of fraudulent misrepresentations by the defendant in the event the jury found that the deed had been delivered to the appellant.

The basis of the criticisms of the charge is the assumption by appel-

lant that the proof showed a delivery of the deed to the bank in escrow by Strauss. In his petition Strauss, referring to the deed executed by him to Peters, alleged, "and said deed was placed in the First State Bank of Shattuck, Oklahoma, to there remain and not be delivered to the defendant nor to any one for him until the plaintiff agreed to its delivery after examination of said lots, hotel and livery barn and furniture, described as situated in the town of Selden, Kansas." In another paragraph of the petition plaintiff alleged "but said deed was placed in said bank only to be delivered to the defendant upon order or request of plaintiff, and said plaintiff at no time requested or in any manner consented to the delivery of said deed to said defendant or to any one for him, and on or about February 10, 1908, plaintiff notified said bank that said deed was not to be delivered to the defendant." Plaintiff's testimony relative to the delivery of the deed to the bank corresponded with the allegations in his petition quoted above. If those allegations were true, then the delivery to the bank was not a delivery in escrow as plaintiff designated it in another paragraph of his petition, and as the trial judge seemed to have construed the pleading.

"To give a deed the character of an escrow it is essential not only that it should be delivered to a third person, but that its delivery to the grantee should be dependent upon the occurrence of some event, or the performance of some condition. If, therefore, it be delivered to a third person to be kept by him during the pleasure of the grantor, and subject to his order, it is not an escrow. Where a deed is thus deposited with a third person, to be delivered to the grantee upon the order of the grantor, it is not an escrow because it is deemed in law to be still in the grantor's possession. 'There was nothing agreed to be done by or on the part of the grantee as the condition upon the performance of which the deed was to become absolute and to be delivered to him by the third person. It is the general rule that a deed delivered to a third person is viewed as an escrow only in case it is agreed that the deed is to be delivered to the grantee upon the performance by him of the stipulated condition.'" 1 Devlin on Deeds, section 318. See also, 13 Cyc., 562-565 (2) ; 16 Cyc., 568.

Peters did not allege that the deed was delivered to the bank in escrow, but alleged in his answer, and testified on the trial, that it was delivered to him by Strauss and that he, instead of Strauss, had left it with the bank, thus negativing any delivery to the bank in escrow. Furthermore, by plea over he prayed for judgment against Strauss for damages, basing that plea upon allegations by him that Strauss had made fraudulent misrepresentations to him concerning the Lipscomb County land, and this, upon the theory that title to the land had passed to Peters. It was proven beyond controversy that the bank had returned the deed to Strauss, and that thereafter the same was never delivered to Peters nor to any one for him. If the deed had been delivered to Peters, as he testified, then title would have passed to him, and in order for Strauss to recover it would have been incumbent upon him to sustain his allegations of misrepresentations by Peters. But if the original

written agreement to exchange properties was by mutual consent of the parties rescinded and annulled, and Strauss delivered the deed in controversy to the bank with the understanding and under the instructions alleged in his petition and detailed by him in his testimony, then no title passed; and upon proof of those facts alone without proof of the misrepresentations charged in his petition, he was entitled to the relief sought by him, in the absence of some pleading by Peters sustained by evidence showing some valid and subsisting contract by Strauss to convey the land, coupled with a prayer for specific performance.

Appellant complains further that the first paragraph of the court's charge authorized a recovery by plaintiff upon a finding sustaining plaintiff's allegations of misrepresentations without a further finding that such misrepresentations resulted in injury to the plaintiff. That paragraph as shown in the transcript reads:

"False and fraudulent representations, as applied to the law of this case, are such representations as to the character and value of the property in controversy as actually misled the party to whom the same were made, and such as actually did deceive and mislead the party, and you are charged that representations made as to the character and value of the property, if relied and acted upon in making a trade or exchange of property, are sufficient to avoid the trade, even though the party making the same may honestly believe them true, the point to be considered being: Were the representations made, and were they untrue, and was the party misled and deceived thereby."

In another paragraph of the charge the jury were instructed: "If, therefore, you find and believe from the evidence in this case that the defendant represented to the plaintiff that the hotel in Kansas was worth $7500; that the same was in good repair, and that the same and the livery barn were rented for $50 per month; that Selden, Kansas, was a good town for a hotel and livery barn; that there was a mortgage on the property not to exceed the sum of $1500, or if more than $1500, he, the defendant, would reduce same to $1500; that the hotel was furnished and that the furniture went with the hotel, as charged in plaintiff's amended original petition; and you further find and believe that such representations were material, and were believed and relied upon by plaintiff, and that he was thereby induced to make the deed in controversy and to deliver the same to the defendant; if you find that he actually did deliver the same to the defendant; and you further find that such representations were untrue, or any one or more of the same, then you are charged, if you so find, to find for the plaintiff."

It will be noticed that in the last paragraph of the court's charge the jury were told that they must find that the misrepresentations of Peters were material before they could find in plaintiff's favor upon the theory of fraudulent misrepresentations inducing the trade. In the absence of a request by appellant for a further instruction upon the elements of material, as distinguished from immaterial, misrepresentations the charge was, at all events, sufficient. It would further seem that

if the misrepresentations charged were proven, there could be no question as to their materiality. Pridham v. Weddington, 74 Texas, 354; Putnam v. Bromwell, 73 Texas, 465.

Appellant's testimony was, in effect, that prior to the making of the written agreement between the parties, dated October 23, 1907, and before appellant had seen the land in controversy, Strauss made certain representations concerning it, which were afterwards found to be false. Under this testimony and appellant's pleading of fraud on the part of Strauss, and upon the theory that he who invokes equity must come with clean hands, appellant requested an instruction, in substance, that if Strauss made such misrepresentations at the time testified by Peters, and they were fraudulently made, then plaintiff could not recover. This instruction was refused and properly so, as it ignored the issue raised by the evidence of a rescission of the written agreement by mutual consent of the parties thereto, and the uncontroverted proof that appellant saw the land for himself before the parties entered into the new agreement.

Furthermore, it seems at least doubtful that the rule of equity invoked by appellant would be applicable in this case. In Whitworth v. Thomas, 88 Ala., 308, 3 So., 781, 3 Am. St. Rep., 725, Thomas, having traded a mule to Whitworth for a mare, sought to rescind the sale on the ground that Whitworth had made fraudulent and material misrepresentations concerning the condition of the mare. Whitworth undertook to prove that Thomas had misrepresented the qualities of the mule, thereby practicing a fraud upon Whitworth. The court held that such proof was wholly immaterial, and in the course of the opinion said: "The maxim, *in pari delicto potior est conditio posidentis,* has no application in a case like this. That maxim applies, and only applies, where two or more are jointly concerned in the perpetration of one and the same fraud; a conspiracy or combination to accomplish an illegal object through fraud, by which some third person is to be the sufferer. It does not permit one independent deceit or fraud to be set off against another deceit or fraud so as, on that account, to estop the latter from maintaining his suit. It may confer a right to a cross action. It does not deny either party all right to sue."

We have found no error in the judgment and it is affirmed.

*Affirmed.*