## OAKLEY v. HARGROVE et al.

### No. 3379.

Court of Civil Appeals of Texas. Beaumont.

Feb. 2, 1939.

McNeill & McNeill, of Beaumont, for appellant.

Barnes & Barnes, of Beaumont, and Conger, Low & Spears, of San Antonio, for appellees.

WALKER, Chief Justice.

Appellant, M. W. Oakley, plaintiff below, instituted this suit in the County Court of Jefferson County at Law against appellees, C. M. Hargrove, a resident of Bexar County, and the two corporate defendants, Educators Life Company Underwriters of San Antonio, Texas, and Teachers' Annuity Life Insurance Company, also of San Antonio, praying for judgment against "all of said defendants" for the sum of $533. For cause of action he alleged that appellees, acting together and through fraud, sold him a "Five Year Payment Endowment Bond" in the principal sum of $1,000, to be paid for in monthly installments of $13 each; that he paid on this bond in cash the amount prayed for in his petition; that he made his payments regularly until he discovered the fraud of appellees by which they induced him to purchase the bond—the fraud consisted of certain representations of solvency of the defendants and of their method of doing business, made to him at the time he contracted to purchase the bond, which representations were false. Appellees answered by separate pleas of privilege to be sued in Bexar County. Appellant replied by controverting affidavits, pleading in detail the transaction between him and appellees and the fraud perpetrated upon him, and made his original petition a part of the controverting affidavits. Appellees replied by general demurrers. Hearing on the pleas of privilege and controverting affidavits were regularly set for the 28th of January, 1937, and appellees were duly notified. On request of appellees the hearings were postponed without prejudice, first to the 6th day of January, 1938, and again to the 13th of January, 1938; on the 13th of January, 1938, they came on for hearing and appellees' general demurrers to the controverting affidavits were sustained and the court entered its order transferring the case on the plea of privilege to Bexar County. Appellant has duly prosecuted his appeal to this court and has filed his supporting briefs; appellees have filed no briefs.

### Opinion.

■ Appellant plead the fraudulent representations as fact statements, and not as mere expressions of opinion. On authority of the following cases, these representations constitute actionable fraud: Boothe v. Feist, 80 Tex. 141, 15 S.W. 799; Buchanan v. Burnett, 102 Tex. 492, 119 S.W. 1141, 132 Am.St.Rep. 900; Collins v. Chipman, 41 Tex.Civ. 563, 95 S.W. 666; Kleine Bros. v. Gidcomb, Tex.Civ.App., 152 S.W. 462; Roark v. Prideaux, Tex.Civ.App., 284 S.W. 624; Spencer v. Womack, Tex.Civ. App. 274 S.W. 175; Statutes, Art. 1995, R. S. 1925, Vernon's Ann.Civ.St. art. 1995; Art. 141, Penal Code; Stephens County v. H. C. Burt & Co., Tex.Civ.App., 19 S.W. 2d 951.

■ Under the allegations of the petition and controverting affidavits the fraud was committed by the two corporate defendants

in Jefferson County, acting through their agent Hargrove, who was also personally a party to the fraud. The allegations of the petition and controverting affidavits were sufficient to support venue in Jefferson County. Art. 1995, § 23, R.S. 1925.

The judgment of the lower court is reversed and the cause remanded.