**MOORE v. HAYES.**

No. 3988.

Court of Civil Appeals of Texas. El Paso.

Oct. 3, 1940.

S. L. Gill, of Raymondville, and Willis E. Gresham, of Austin, for appellant.

Jesse G. Foster, of Raymondville, for appellee.

WALTHALL, Justice.

This appeal is from an order of the County Court of Willacy County, overruling the plea of privilege of Austin Moore, receiver of Casualty Underwriters, to be sued in Dallas County. The suit was originally filed by M. F. Hayes against said Austin Moore, receiver, in the Justice Court of Precinct No. 1 of Willacy County, and was an action for the cancellation of a note for alleged fraud in the procurement of the execution of such note. Austin Moore, receiver, seasonably filed his plea of privilege in the Justice Court, and the same was controverted by the plaintiff. The plea of privilege was overruled by the Justice of the Peace, and the case was removed to the County Court by the filing of an appeal bond.

Appellant assigns as error that the plaintiff (appellee here) having the burden of establishing the falsity of the alleged fraudulent representations, and having wholly failed to prove the falsity of the alleged fraudulent representations, and having wholly failed to prove an element of actionable fraud, the trial court should have sustained the plea of privilege.

On May 9, 1937, appellee executed the note on which this suit is brought in the sum of $115.45, made payable to the Casualty Underwriters, and became due and payable on August 15, 1938, at Dallas, Texas.

In securing the execution and delivery of the note the Casualty Underwriters was represented by an agent or representative, and in the record referred to as a salesman. The agent went to see appellee about executing the note at appellee's gin in Raymondsville, Willacy County, Texas, at which place the note was executed, and at which place all the conversations and alleged false and fraudulent representations with reference to the execution of the note took place.

Plaintiff Hayes did not remember the agent's name, but said he was with the Casualty Underwriters. Plaintiff told the agent that his (plaintiff's) dealings (securing insurance for his employees) were through I. B. Lee, and that he would see Lee. Later the agent came to the gin with Lee. The agent then made statements with reference to the financial standing of the Casualty Underwriters and had with him a

financial statement from the Company which witness said "showed good," and the agent also had a letter from the State Board of Insurance or Commission at Austin, and showed the letter to plaintiff. The letter was to the effect that the Company had authority to do business (insurance) in Texas.

The agent said, in answer to plaintiff's question, that he would be located in Harlingen, at the Madison Hotel, during the ginning season, and that if anything came up he would come right down and take care of everything, if he (plaintiff) would "give him a ring." He told appellee "the Company was solvent and in good financial condition." He had, Hayes said, no reason to believe otherwise, and relied upon what the agent told him, took the insurance and executed the note in question. Later two cases of injury occurred at the gin and Hayes made inquiry and tried to get in touch with the agent but could not find him, and sent in the report (of the injuries) himself to both the Casualty Underwriters and to the State Board.

The point made in the statement of facts is, that there is no evidence that the Casualty Underwriters was not solvent at the time the policies were issued and the note signed for the premium; nor is there any proof the Company was not authorized to do business in Texas. The only evidence of the representation that the agent would be in Harlingen was Hayes' attempt to get in touch with the agent and said: "I couldn't find him and I went ahead and sent in the reports myself."

Appellant is the receiver of the Casualty Underwriters. He resides at Dallas, in Dallas County, Texas, and the note is payable in Dallas.

In view of King v. Wise, Tex.Com.App., 282 S.W. 570, and Miller Mfg. Co. v. Provine, Tex.Civ.App., 17 S.W.2d 128, we will consider only the representation charged to be false and fraudulent and made as an inducement to the making of the note. It is the representation as to the solvency of the Company.

Is evidence of the insolvency of the Company at a time subsequent to the making of the note sufficient to show insolvency at the time the note was made?

In Collins v. Chipman, 41 Tex.Civ.App. 563, 95 S.W. 666, 669, Judge Neill, of the San Antonio Court of Civil Appeals, said: "If it be shown that in May, 1905, a corporation which was in January, 1902, represented by its president as being in a prosperous condition, paying from its net earnings annual dividends of 20 per cent. upon its capital stock, is found to be out of business and practically without assets, when it is questionable whether any cause has been shown for such an overwhelming disaster, can it not be inferred from such facts, taken in connection with others, that such representations were not true, but that its depleted condition in 1905 was but an index of its condition in 1902? Such testimony certainly tends in some degree to show such representations were not true." Judge Neill said that the degree of its probative force was for the jury. A writ of error was dismissed.

In Peters v. Strauss et al., 63 Tex.Civ. App. 118, 132 S.W. 956, 957, Judge Dunklin, of the Fort Worth Court of Civil Appeals, said: "It is well settled in this state that misrepresentations of a material character, although innocently made, will furnish a valid ground for rescission of the contract in a suit by the party deceived," and referred to Collins v. Chipman, supra; Culbertson et al. v. Blanchard, 79 Tex. 486, 492, 15 S.W. 700, and other cases.

In Oakley v. Hargrove, Tex.Civ.App., 125 S.W.2d 403, appellant plead fraudulent representations as fact statements and not as mere expressions of opinion. The Beaumont Court held that the representations constitute actionable fraud, and referred to cases to which we refer without quoting.

■ The falsity of the statement of solvency, like any other fact, may be shown by circumstances. The fact that appellant was in the hands of a receiver and unable to discharge its obligations is evidence, we think, of insolvency, and as said in the Collins v. Chipman case, supra, the probative force of such evidence was for the court hearing the plea.

■ We think the court was not in error in overruling the plea of privilege.