## W. B. BUCHANAN v. W. D. BURNETT AND WIFE.

No. 1963. Decided June 2, 1909.

**1.—Sale—False Representation of Title—Conclusion from Facts.**

Although a statement by a vendor of land that he had, and could convey good title, embodied a conclusion drawn from the facts relative to the title, it was, in effect, a representation that the facts which would constitute a good title to the land existed. (Pp. 495.)

**2.—Same—Reliance on Representation—Charge.**

An instruction that the purchaser must have relied solely upon the vendor's false representation of title in making the purchase was properly refused. It

was sufficient that he relied upon the representation, and would not have purchased if the representations had not been made. (P. 495.)

### 3.—Same—Knowledge of Falsity by Vendor.

The fact that the vendor believed that he had a good title to the land, when he sold it, so representing, was unimportant if the vendee believed the representations to be true, relied upon them, and made the purchase upon the faith of them. (P. 495.)

### 4.—Same—Duty to Investigate.

A vendee induced to enter into the contract by fraudulent misrepresentations as to his title by the vendor was under no duty to investigate the truth or falsity of the statements and representations made to him. (Pp. 495, 496.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Comanche County.

Burnett and wife sued Buchanan and recovered judgment. Defendant appealed, and upon affirmance obtained writ of error.

*Geo. E. Smith,* for plaintiff in error.—Merely to allege general conclusions and expressions of opinion, which are charged to have been uttered by another, without charging the statement of any fact, states no actionable fraud.

Where representations are made to a party and he has the means at hand of ascertaining the truth or falsity of such representations, and actually makes an investigation from the data in hand with a view of ascertaining the truth, he can not recover, although such representations were untrue. Hawkins v. Wells, 17 Texas Civ. App., 365; 14 Am. & Eng. Ency. of Law, 110b and p. 115 (2); Id., vol. 29, 660-661-662; Warner v. Munsheimer, 2 Texas App. C. C. (Willson), sec. 394; Farar v. Churchill, 135 U. S., 609; Anderson v. McPike, 86 Mo., 293; Spence v. Duren, 3 Ala., 251.

The expression of an opinion, made in good faith, does not constitute legal fraud, even though such opinion be misleading and erroneous. Hawkins v. Wells, 17 Texas Civ. App., 360; Walton v. Reager, 20 Texas, 109-110; Little v. Allen, 55 Texas, 139-140.

Where representations are made concerning the subject matter of the contract, and the party to whom such representations are addressed undertook to verify for himself such representations by resorting to the source of information which reveals the truth or falsity of the representations so made, he can not be heard to say that he was misled by such representations, though they are untrue. Hawkins v. Wells, 17 Texas Civ. App., 360; Cresap v. Manor, 63 Texas, 488; Jackson v. Stockbridge, 29 Texas, 401-399; 29 Am. & Eng. Enc. of Law, 660-661-662; Warner v. Munsheimer, 2 Texas App. C. C. (Willson), 394.

The purchaser's means of knowledge as to the title to real estate being equal to that of the vendor, and having availed himself thereof by making an investigation, there is no fraud, even though he may have relied on the vendor's representations. Hawkins v. Wells, 17 Texas Civ. App., 360.

*Goodson & Goodson,* for defendants in error.—Wherever a party makes representations to induce another one to enter into a con-

tract, and the representations are material to the matter in hand, and the contract is induced thereby under a belief and reliance upon the proof thereof, then it makes no difference whether the party making them did not know at the time whether they were true or not, and though believed at the time to be true, the innocent belief would not be a defense. Mitchell v. Zimmerman, 4 Texas, 80; Wintz. v. Morrison, 17 Texas, 383; Henderson v. Railway Co., 17 Texas, 577; Loper v. Robinson, 54 Texas, 514; Culberson v. Blanchard, 79 Texas, 492; McCord-Collins Commerce Co. v. Levi, 21 Texas Civ. App., 109.

MR. JUSTICE BROWN delivered the opinion of the court.

Burnett and wife instituted this suit in the District Court of Comanche County against Buchanan to set aside a sale of land made to them by the latter, situated in the said county, upon the ground that Buchanan, in making the sale, fraudulently and falsely represented to the plaintiffs that he had a good title and could make a good title to the land to them, which representations the plaintiffs relied upon. It is charged that the said representations were false and that Buchanan had no title to the land. That relying upon the representations Burnett and wife received a deed from Buchanan for the land and paid him in cash $1600 about August 11, 1905. The petition also sought to fix a lien upon another tract of land which it was alleged had been purchased and paid for by Buchanan with the money received by him from Burnett and wife. There are no questions made upon the pleadings and it is unnecessary to state them more specifically. The essential facts in this case can be stated briefly as follows: Buchanan claimed to own 160 acres of land situated in Comanche County, a part of the Humphrey survey, and proposed to sell it to Burnett and wife. Burnett was ignorant of land titles and asked Buchanan if he had a good title and could make him a good title, to which Buchanan replied, in substance, that he had a good title and could make him a good title to the land. Buchanan furnished to Burnett an abstract of title which showed the defect in his title. Burnett and a friend looked over the abstract, but Burnett testified that he knew nothing about such matters; that he was hardly able to read the abstract, and, in fact, could not read all of it; that he relied upon the representations of Buchanan that he had a good title to the land in making the purchase. The deed was made and the purchase money paid in cash. Burnett went into possession about August, 1905, and on the 6th day of March, 1906, the true owner instituted suit in the District Court against Burnett and wife to recover the land. Burnett tendered the possession of the land to Buchanan and offered to reconvey it to him, which Buchanan refused. He alleged that he was too poor to remove to another place during that year, as it was too late to plant a crop and he could not live without making a crop, for which reason he had remained in the possession of the land with the consent of the true owner. There is no contention on the part of Buchanan that he had a good title to the land. It seems that the title was unquestionably bad. The District Court gave judgment in favor of Bur-

nett and wife for $1600, and fixing a lien on 160 acres of land purchased with the money received therefor. No question is made in this court as to the correctness of that portion of the judgment.

It is urged by the plaintiff in error that the evidence in this case shows only that the plaintiff in error expressed his opinion of the reliability of his title, therefore it constituted no cause for rescission of the sale. Although the statement made by Buchanan to Burnett embodied a conclusion drawn from the facts relative to the title, it was in effect a representation that the facts which would constitute a good title to the land existed. It was not an opinion as to the legal effect of known facts and muniments of title, for which the seller would not be responsible. The ignorance of Burnett on the subject of land titles adds force to the conclusion that the representations made by Buchanan had the effect of a statement that all the facts existed which would constitute a good title to the land.

The plaintiff in error requested the trial court to give to the jury a charge to the effect that in order for Burnett to avail himself of the misrepresentations of title he must not only have been ignorant of the existence of the defect, but must have relied "solely" upon that representation in making the purchase. The trial court refused to give the requested charge and the Court of Civil Appeals correctly held that it was sufficient if Burnett relied upon the false representations made by Buchanan and would not have made the purchase if the representations had not been made. There is no error in this holding.

The fact that Buchanan believed that he had a good title to the land when he sold it and when he made the deed to Burnett was unimportant if in fact Burnett believed the representations to be true and relied upon them, making the purchase upon the faith of the statements made by Buchanan. Mitchell v. Zimmerman, 4 Texas, 81.

It is also urged that Burnett had in his possession an abstract of title which showed the defect in Buchanan's title and that it was his duty to inform himself of the title as he had the means of so doing. Burnett was under no duty to his vendor to investigate the truth or falsity of statements and representations made to him in connection with the title. Labbe v. Corbett, 69 Texas, 509. In the case cited the court lays down the rule in the following quotation from another authority: "When once it is established that there has been any fraudulent misrepresentation, . . . by which a person has been induced to enter into a contract, it is no answer to his claim to be relieved from it to tell him that he might have known the truth by further inquiry. He has a right to retort upon his objector: 'You, at least, who have stated what is untrue . . . for the purpose of drawing me into a contract, can not accuse me of want of caution, because I relied implicitly upon your fairness and honesty.'"

Burnett having purchased the land and paid the consideration therefor relying upon the representations of Buchanan as to the title, and having no notice of their falsity, was entitled to be restored to his former state upon surrendering or offering to surrender what he had received from Buchanan in the transaction. (Price v. Blount, 41 Texas, 473; Green v. Chandler, 25 Texas, 148; Demaret

v. Bennett, 29 Texas, 264.) He promptly offered to rescind the trade and to surrender the possession of the premises, all of which Buchanan refused. The judgment of the court annulling the sale and restoring the purchase money was correct.

It is therefore ordered that the judgments of the District Court and Court of Civil Appeals be in all things affirmed.

*Affirmed.*