### WILLINGHAM v. GEITZENAUER.

(Court of Civil Appeals of Texas. Amarillo. Dec. 6, 1913.)

1. EXCHANGE OF PROPERTY (§ 8*)—RESCISSION —FRAUD—EVIDENCE.

Evidence in a suit to rescind an exchange of property *held* sufficient to support a finding that defendant's representations that the title to the land to be conveyed to plaintiff was unincumbered, except for a $500 mortgage, were fraudulently made.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. § 10; Dec. Dig. § 8.*]

2. EXCHANGE OF PROPERTY (§ 8*)—RESCISSION —FRAUD—RELIANCE ON REPRESENTATIONS— EVIDENCE.

Evidence in a suit to rescind an exchange of property *held* sufficient to show that plaintiff did not undertake to determine for himself that the title offered him was clear, but relied on the false representations made to him by defendant.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. § 10; Dec. Dig. § 8.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by J. Geitzenauer against G. W. Willingham and wife. Judgment against defendant G. W. Willingham, and he appeals. Affirmed.

Barrett & Jones, of Amarillo, for appellant. Cooper, Merrill & Lumpkin, of Amarillo, and Zink & Cline, of Hobart, Okl., for appellee.

HUFF, C. J. This case was tried without the intervention of a jury in the trial court. The suit was brought by appellee, J. E. Geitzenauer, against G. W. Willingham and his wife, Ora Willingham, to rescind a contract whereby appellee had sold and conveyed to

appellant lot 3, block 41, Glenwood addition to the city of Amarillo, or in the alternative for damages. The trial court, without filing conclusions of fact and law, rendered judgment against the appellant G. W. Willingham for the sum of $420, in favor of the appellee, discharging Mrs. Willingham. Appeal is prosecuted in this court, by the appellant, G. W. Willingham, in which he complains of the judgment rendered.

It is urged there was no evidence showing a fraud practiced on appellee by appellant, and that there was no actual fraudulent representation, or that appellee relied upon the representations made by appellant. The facts of this case show that appellant and appellee effected an exchange of property September 8, 1911. Appellant and his wife conveyed by deed to appellee lot 5, block 24, Hill's addition to the city of Hobart, Okl. Appellee and wife conveyed to appellant, by deed, lot 3, block 41, Glenwood addition to the city of Amarillo. The appellant represented to appellee that he had a good title to his lot in Hobart, except a mortgage lien for the sum of $500, which appellee was to assume; and appellee that he had a good title to his lot in Amarillo, except a vendor's lien for the sum of $360, which appellant was to assume. The appellee paid $40 cash difference in the trade. Each party claimed to have an abstract of title to their respective lots. The facts supporting the judgment warrant the finding that the abstract produced by appellant showed only a lien against the lot in Hobart for $500, secured by a mortgage; that appellee at the time of the trade, told appellant, "If you get abstract up to date and show me clear title, I will make the trade with you." Appellant said, "Mine is all right, I believe." The appellee said he did not know anything about it, and thought they had better go to a lawyer; that he did not "understand them abstracts." The appellant said that it was no use to spend money. "Mine is all right, and I will show you it is all right." They then took the abstract, and went through and examined each page. The abstract then showed only a lien to secure the $500 note. The last conveyance in the abstract shows to have been filed for record the 2d day of September. Appellee testified: "We saw the date it was made out, and I had in my mind everything was all right." The appellee, four or five days after the execution of the deeds, moved into the property at Hobart with his family. He says he thought he was getting a fee-simple title to the lot in Hobart, except the $500 lien mentioned by appellant. He met, after his arrival at Hobart, a Mr. Bredel, and told him of his trade, and told him that he had an abstract to the property showing a lien on the lot for $500. At that time Bredel told him that was not all; that there was a judgment lien against the lot for $774; that this was the first time he knew or had heard of the judgment lien. This conversation with Bredel was about the 15th day of September, 1911. This property was sold in November following under the judgment lien. Appellant at that time was in Hobart at the sale, but did not bid on the property or buy it in. He and appellee had some negotiations looking to a settlement, which resulted in no arrangement. They visited an attorney who in the course of the conversation said Geitzenauer had been "flimflammed" to which Willingham replied, "Well, they have slapped it on me, and I have a right to slap it onto him or some one else."

In a few days after appellant obtained possession of the lot in Amarillo, he moved therefrom the house and placed it in another portion of the city of Amarillo. He also paid off the vendor's lien note for $360. The facts further show that there was a judgment against appellant in the district court of Kiowa county, in which Hobart is situated, for the sum of $774, rendered on the 28th day of February, 1911, in favor of the Farmers' & Merchants' National Bank of Hobart, and that by the laws of Oklahoma such judgment was a lien on the lot when appellant deeded the same to appellee, the 8th of September, 1911. The facts further show that the abstract which appellant showed appellee had been brought down to the 5th day of September, 1911, by the Kiowa County Abstract Company, at the instance of one Hamilton, who at that time was negotiating for the purchase of the lot through Bredel, the then agent of appellant. The agent paid the charges for bringing the abstract down to the 5th of September. The abstract had been originally prepared by this abstract company August 30, 1909, and consisted of seven pages, and the certificate of the company at that date attached was No. 4,987. On April 29, 1909, an additional certificate was made thereto, No. 5,331, and on that date there were added to the abstract two extra pages, and on September 5, 1911, the abstract company continued the abstract up to that date under certificate No. 8,291, and added thereto three extra pages, which contained an abstract of a deed from Foster to Willingham, filed for record September 2, 1911. This last certificate also showed the judgment lien against Willingham for $774. Hamilton refused to take the land because of this judgment lien. He returned the abstract to Mrs. Willingham, and appellant wrote a letter to Hamilton, offering to guarantee the title or make bond for title. The abstract shown to appellee on the date of the trade was identified by the president of the abstract company, Hamilton, and others, as the one made by the company and turned over to Mrs. Willingham by Hamilton, except as changed. It did not, after the change, have the last certificate, of date September 5, 1911, No. 8,291, showing the judgment lien on the 8th of September, 1911; but that certificate was detach-

ed, and in its place the original certificate of August 30, 1909, was put in, or changed to the place occupied by the certificate of September 5, 1911.

[1] The evidence is sufficient to establish that appellant exhibited the abstract to appellee in its mutilated condition, and that the abstract did not, as shown to appellee, disclose the judgment lien. The lot deeded to appellee was afterwards sold under execution issued on the judgment mentioned above, and by order of the court the sale was confirmed and a deed directed to be made to one Mr. Harris, who had purchased it under the sheriff's sale. The appellant denies all of the appellee's statements, and denies that he showed to him a mutilated abstract, and testified he notified appellee of the existence of the judgment lien. These questions were all for the court below, before whom the case was tried, and we think the evidence sufficient to support the judgment of the trial court.

The facts establish that appellant represented that his title was good, and that there was nothing against it except the sum of $500, secured by a mortgage lien, when in fact an additional lien for the sum of $774 was shown as a judgment lien against the property. That these representations were fraudulent is evidenced by appellant exhibiting a mutilated abstract, which, if it had been as prepared by the abstract company, would have revealed the judgment lien. There could have been but one purpose in so exhibiting the abstract, and that was to deceive appellee. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900.

[2] We do not think the facts show that appellee undertook to investigate for himself the title before he purchased the lot, but he evidently relied upon the representations of the appellant and the facts as then shown by the abstract exhibited to him, and that the representations so made and acts in so exhibiting the abstract induced him to make the trade, which he otherwise would not have done. U. S. Gypsum Co. v. Shields, 106 S. W. 724. We think the evidence in the case sufficient to support the judgment of the trial court.

We therefore affirm the judgment.