FORD v. SIMS. (No. 5755.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 3, 1917.)

1. FRAUD ☞22(1)—DUTY TO INVESTIGATE.

One induced to purchase 300 acres of land by false representations that it was level; that water would stand on only about 3 acres; that 150 acres were cleared; that it was all tillable, etc.—could recover for the fraud whether or not he used care in ascertaining the truth of the representations.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 19, 20, 22, 23; Dec. Dig. ☞22(1).]

2. FRAUD ☞13(3) — REPRESENTATIONS — KNOWLEDGE OF FALSITY BY DEFENDANT.

Where the seller of land stated as a fact that it was level when it was not, he was liable for damages to purchaser relying thereon, it being fraud to positively state a thing to be true not knowing whether it is true or not, where the thing asserted is not mere matter of opinion.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 5; Dec. Dig. ☞13(3).]

3. APPEAL AND ERROR ☞1068(1)—HARMLESS ERROR—PRESUMPTION OF PREJUDICE FROM ERROR.

In action for fraud in sale of land, a charge, erroneously conditioning recovery on plaintiff's having used due care in investigating, necessitated reversal, although the jury found for plaintiff on a certain item and against him on others, where the theory of such determination did not appear, since it would not be presumed that the verdict was based on determination of a question of fact rather than on the application of the law stated in the charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4225; Dec. Dig. ☞1068(1); Trial, Cent. Dig. §§ 525, 553.]

4. FRAUD ☞59(3)—ACTION BY PURCHASER OF LAND—DAMAGES.

In action for fraud inducing purchase of land for an agreed price, other land being taken in part payment therefor at an agreed valuation, damages recoverable were the difference between the market value of the land when purchased and the amount paid, the land taken in part payment to be considered as cash; the transaction being a purchase and not a sale.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 62; Dec. Dig. ☞59(3).]

5. FRAUD ☞13(2)—REPRESENTATIONS—BELIEF OF TRUTH BY DEFENDANT.

If representations made by a seller of land were false and material and induced its purchase, the seller's belief in their truth would not relieve him from liability for consequences resulting from them.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 4; Dec. Dig. ☞13(2).]

Appeal from District Court, Kleberg County; Robt. W. Stayton, Special Judge.

Action by J. B. Ford against B. O. Sims. From judgment for defendant, plaintiff appeals. Reversed and remanded.

H. H. Flowers, of Hebbronville, and H. M. Holden, of Corpus Christi, for appellant. Pollard & Crenshaw, of Kingsville, for appellee.

FLY, C. J. This is a suit brought by appellant to recover damages in the sum of $13,750, alleged to have accrued by reason of fraudulent representations made by appellee to induce the purchase by appellant of 301.-83 acres of land in Kleberg county. The cause was tried by jury, and resulted in a verdict in favor of appellant for $75.

The evidence of appellant shows that, at the time of the purchase of the land by him from appellee, appellant lived in Mississippi, and became interested in the Kleberg county land through advertising matter sent out by appellee. He came from Mississippi to Texas and went to see the land. He met appellee and in company with him, and an assistant of appellee, J. E. Flowers, went upon the land to inspect it. Appellee, as testified by appellant, represented to appellant that the land

was all even, good, black sandy land, with 150 acres that would be ready to plow by fall, when appellant was to take possession. It afterwards transpired that about 100 acres of the land were covered with water when it rained. There was a small place on the land when appellant looked at it that was covered by water, and appellee stated that it was the only place that had water on it. The statements attributed to appellee as to the quality and condition of the land were denied by him. The land was sold to appellant at $60 an acre, certain property in Mississippi being taken in part payment for the land. The cleared land had not been put in condition to be plowed, and appellee, as a compromise, offered to pay appellant $75. The prices put upon the land by witnesses ran from $20 an acre to $75 an acre. The facts were very contradictory and made a case peculiarly for a jury.

[1] The court charged the jury that, in order for appellant to recover, not only must he prove that the representations made by appellee were false, fraudulent, and material, and were believed by appellant, but that it should be shown that appellant "did not know, and could not by the exercise of ordinary care have known, whether such representations were true or false." The charge does not embody the law applicable in cases of this character. If appellee represented to appellant that the land he sold to him was level land, and that water would stand on only one depression, covering about 3 acres; that 150 acres of the land were cleared and ready for farming; that all of the land was tillable; that a town site had been laid out near the land; and that adjoining land would be divided into farms and settled; and those representations, or either of them, was false; and that appellant believed the representations to be true, and was induced by such representations to buy the land from appellee—he should recover whether he used ordinary care or no care in ascertaining the truth of the representations. The language used in connection with this subject in the case of Railway v. Kisch, 2 L. R. H. L. 120, has been copied into several Texas opinions and fully approved. It is as follows:

"When once it is established that there has been any fraudulent misrepresentation * * * by which a person has been induced to enter into a contract, it is no answer to his claim to be relieved from it to tell him that he might have known the truth by further inquiry. He has a right to retort upon his objector: 'You, at least, who have stated what is untrue * * * for the purpose of drawing me into a contract, cannot accuse me of want of caution, because I relied implicitly upon your fairness and honesty.'" Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808; Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900.

[2] The facts in this case show that appellant was a stranger in Texas, knowing nothing about the land and necessarily relying upon the statements of appellee. He could rely upon the statements of appellee as to the quality, situation, and condition of the land, and the duty did not devolve upon him to go all over the land to ascertain if appellee was telling him the truth. Appellant saw only a part of the land, which was so covered with grass and brush that he could not ascertain the topography of the land. Appellee stated as a fact that the land was level. He should have known before he stated it as a fact. As said by this court in a similar case to this:

"If he did not know the balance of the land was as good as that he showed to appellee, it had the same effect as though he did know. It was fraud to positively state a thing to be true when the party making the representation did not know it to be true. Morrison v. Adoue, 76 Tex. 255, 13 S. W. 166. It may be that if appellee had insisted on going upon the land he could have discovered the falsity of the statement as to its quality, but that would be no answer to his prayer to be relieved from the contract. * * * However, he relied upon the positive statement of appellants' agent that the land, not seen by appellee, was equally as good as that part of the land shown to him. The agent could not claim that what he said was a matter of opinion, because the defect in the land was so obvious and patent that he could not have entertained such an opinion. No man could honestly give it as his opinion that a parcel of land, with a depression that gathers and holds water after a rain, was as good as land adjoining it, upon which there was no such depression. It was a plain statement of fact, made to deceive, or made without knowledge with which he should have possessed himself before making any such statement." White v. Peters, 185 S. W. 659.

See, for a full discussion and citation of authorities, Gibbens v. Bourland, 145 S. W. 274.

[3] In this case, however, it is the contention that the erroneous charge did not injure appellant, for the reason that the jury returned a verdict in his favor for $75, and must necessarily have found against appellant on all charges of fraud except that of a failure to grub the land as he said he had done or would do. That may be true, but the jury may have applied the doctrine of ordinary care to all of the misrepresentations except that as to the land being ready for plowing, and, if so, the charge may have prevented the recovery of damages that would have been meted out to appellant had the charge not been given. One of the jurors testified, on the hearing of the motion for new trial, that the $75 was awarded to cover the grubbing of the land, but it is not ascertainable upon what theory no recovery for the damages arising from other misrepresentations was allowed. It may have been because the jury did not believe that such representations were made, or it may have been on the ground that appellant, by the exercise of ordinary care, could have discovered the falsity of the representations. When an appellate court cannot determine from the record that a verdict was not probably influenced by an erroneous charge, the judgment will be reversed. Williams v. Conger, 49 Tex. 582; Dwyer v. Insurance Co., 57 Tex. 184. As said

by this court in Norton v. Railway, 108 S. W. 1044:

"We cannot determine how the jury arrived at their conclusion, and we are unwilling to sacrifice the rights of a party on a mere hypothesis that the jury, by finding a verdict under the condemned charge, must have found that there was no evidence in favor of the position of plaintiff in error. If the jury may have been misled by the erroneous charge, the judgment will be reversed, although there be other grounds upon which the jury might have based their verdict."

The alleged misconduct of the jury will not probably be repeated on another trial, and need not be discussed.

[4] The facts do not establish a case of exchange of property, but should be treated as making a case of a sale, a part of the consideration being the property owned by appellant in Mississippi. The measure of damages given the jury by the court, "the difference between the value of the property and effects which plaintiff parted with and the value of the property which plaintiff received from defendant," was erroneous. The measure of damages in this case is the difference between the market value of the land at the time of the purchase and the amount which appellant paid for it. If the property in Mississippi was valued at a certain sum by the parties and treated as a payment, it should be considered in ascertaining the amount of the damages, as money paid on the land.

[5] The special charge numbered 2 should have been given by the court. If the representations made by appellee were false and material and misled appellant and caused him to purchase the land, the fact that appellee may have believed the representations to be true would not exonerate him and relieve him from the consequences flowing from the representations that were made. Loper v. Robinson, 54 Tex. 510; Culbertson v. Blanchard, 79 Tex. 486, 15 S. W. 700; Buchanan v. Burnett, 102 Tex. 495, 119 S. W. 1141, 132 Am. St. Rep. 900; Carter v. Cole, 42 S. W. 369.

The judgment is reversed, and the cause remanded.