DURHAM et al. v. WICHITA MILL & ELEVATOR CO. (No. 8751.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 12, 1918. Rehearing Denied Feb. 16, 1918.)

1. CORPORATIONS ⟿360(1)—DIRECTORS—NEGLIGENCE—ACTIONS.

Where plaintiff, having extended credit to an insolvent corporation in reliance on false financial statements made by the corporation to commercial agencies, sued the directors on the theory that they were guilty of fraud or negligence in permitting false financial statements to be given out, it was unnecessary for the petition to allege that either the corporation or the directors were subscribers to the mercantile agencies, or that it was deceived.

2. CORPORATIONS ⟿335 — DIRECTORS — LIABILITY.

While ordinarily a director of a corporation is not responsible individually for corporate acts, the directors are personally liable for damages sustained by reason of the insolvency of the corporation when a person is induced to extend credit by false representations, either knowingly made, or which in the exercise of ordinary care the directors should have known were false.

3. CORPORATIONS ⟿360(1)—DIRECTORS—ACTIONS—PETITION.

The petition of plaintiff which, having extended credit to an insolvent corporation on faith of statements made to commercial agencies, sought to recover against the directors, properly alleged that the dividends in bankruptcy amounted only to 19 per cent. of plaintiff's claim; such allegation being permissible as to the question of the insolvency, and affecting the

---

intention and purpose of the financial statements.

**4. TRIAL ☞96—EXCLUSION OF EVIDENCE—MOTION TO STRIKE.**

A motion to strike must be denied, where much of the evidence against which it is directed is admissible.

**5. CORPORATIONS ☞335 — DIRECTORS — ACTIONS—DEFENSES.**

In an action against corporate directors by plaintiff which extended credit to the corporation when insolvent, relying on false financial statements given out to mercantile agencies, recovery cannot be defeated because credit was not wholly extended in reliance upon the representations.

**6. APPEAL AND ERROR ☞730(1)—REVIEW—ASSIGNMENTS OF ERROR.**

Where neither in the assignment of error nor in the proposition thereunder was any specific reason or ground given why error was committed, in the refusal of a requested instruction such assignment need not be considered.

**7. TRIAL ☞260(1)—INSTRUCTIONS—REFUSAL—REPETITION.**

The refusal of requests covered by the charge given is not error.

**8. CORPORATIONS ☞335—ACTIONS—DEFENSES.**

In an action against corporate directors by plaintiff which extended credit to the corporation, though insolvent, relying on statements issued to mercantile agencies, defendants cannot escape liability because the identical statements rendered to the commercial agencies were not transmitted; it appearing that the material contents were made known to plaintiff and that it extended credit in reliance thereon.

**9. TRIAL ☞252(2) — INSTRUCTION—CONFLICT WITH TESTIMONY.**

The refusal of a request based on a theory in conflict with the uncontradicted testimony is proper.

**10. CORPORATIONS ☞361 — FRAUD OF DIRECTORS — ACTIONS—EVIDENCE—ADMISSIBILITY.**

In an action against corporate directors by plaintiff which extended credit to the corporation on the faith of false statements given to commercial agencies, evidence as to the dividends paid on subsequent bankruptcy of the corporation was admissible.

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by the Wichita Mill & Elevator Company against W. F. Durham and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Smith & Palmer and H. N. Goodson, all of Comanche, for appellants. Martin, Bullington, Boone & Humphrey, of Wichita Falls, and Callaway & Callaway, of Comanche, for appellee.

BUCK, J. This suit was instituted by appellee, a corporation, against appellants, alleged to be the directors of Martin Company, a corporation of Comanche, Tex. Plaintiff alleged that during the years 1913 and 1914 it was a wholesale dealer in the milling and grain business in Wichita Falls, Tex., and the Martin Company was a general mercantile corporation, and a customer of the plaintiff; that during the said time the defendants, as directors of said Martin Company, held said corporation out to the plaintiff and to the public generally, and to R. G. Dun &

Co. and Bradstreet & Co., the agents of the plaintiff, as of undoubted financial ability and deserving credit, which was done for the purpose of deceiving the plaintiff and other merchants from whom the Martin Company was purchasing or expecting to purchase merchandise and obtain credit; that during said years said defendants, on behalf of Martin Company, caused and permitted to be furnished written statements of its financial condition which purported to show its true financial condition to Bradstreet & Co. and R. G. Dun & Co. for publication in their printed reports, believing that the plaintiff would receive, read, and rely upon said statements; that one of said statements was furnished on June 18, 1913, and the other on May 14, 1914; that, relying upon said statements and induced thereby, the plaintiff sold and delivered to the Martin Company merchandise amounting to $4,787.61, exclusive of interest. It was alleged that said financial statements and representations so furnished were false and untrue, and that during said time said corporation was insolvent; by reason of said premises, the plaintiff was misled to its damage in the sum of $3,027.55. Defendants answered by way of general demurrer, special exceptions, general denial, and specific defensive answers. The nature of the special exceptions urged and the special denials pleaded will be noticed further in the course of this opinion. From a judgment based on a jury verdict in favor of plaintiff against defendants W. F. Durham, W. R. Slider, N. E. Palmer, and W. G. Dingus in the amount sued for, defendants have appealed.

The record in this case is rather voluminous, and appellants present in their brief some 66 assignments of error; there being 10 separate assignments under the caption "Fifty-Third Assignment of Error." It would be an unnecessary labor, and an extension of the opinion beyond its proper limits, to attempt to discuss each separate assignment, but we have examined every assignment presented, and have found that in several instances many of them present but a single question. Consequently, in such cases such assignments will be grouped in our discussion.

Appellee objects to the consideration of practically every assignment presented, urging that such assignments in their form and manner of briefing are not in compliance with the rules provided by our Supreme Court for our guidance, and we find that in many instances the criticisms made and objections urged by appellee to the assignments are well founded, but we have concluded, except as may hereinafter be noted, to give said assignments consideration. But we think appellant's first assignment, directed to the action of the trial court in overruling defendant's general demurrer, is too general to warrant consideration. Neither in the assignment nor in the proposition thereunder is

any reason given why the court erred in its action.

[1] By assignments 2 to 8, inclusive, it is urged the court erred in overruling several exceptions leveled at plaintiff's petition, but we do not find error shown. It was not necessary for the plaintiff to allege that the Martin Company or the defendants were subscribers to the mercantile agencies to which were furnished the financial statements as to said Martin Company's standing, or to allege that said mercantile companies were themselves deceived or misled by reason of said statements or representations. It was alleged these mercantile companies were the agents of plaintiff for the purpose of collecting and securing information as to the financial standing of plaintiff's actual or prospective customers, and if defendants, knowing this, furnished false and misleading reports or statements as to the Martin Company's financial standing, and such reports were calculated to and did mislead the plaintiff, relying thereon, it would be immaterial whether the mercantile companies themselves were deceived thereby.

[2] Neither do we think there is any error in overruling the exception directed to that part of plaintiff's petition in which it was alleged that the defendants caused to be published said financial statements for the purpose of deceiving the plaintiff and other merchants from whom it was purchasing and expecting to purchase merchandise during said years, and that the statements were carelessly and negligently allowed to be furnished. The very basis of the liability of directors of a corporation in a case of this kind is the fraud, arising from actual intent or negligence, perpetrated in the issuance of the financial statement. Ordinarily, a director of a corporation is not responsible individually for the corporate acts. But such directors may be personally liable for damages sustained by reason of the insolvency of the corporation when a person is induced by false representation, either knowingly made, or when in the exercise of ordinary care the directors would have and should have known said representations to be false, to rely on said representations in his dealings with said corporation and suffers loss by reason thereof. Seale v. Baker, 70 Tex. 283, 7 S. W. 742, 8 Am. St. Rep. 592; Kinkler v. Junica, 84 Tex. 116, 19 S. W. 359; Slater Trust Co. v. Coal Co. (C. C.) 166 Fed. 171.

[3] Nor are we prepared to agree with the contention of appellants, as urged in their sixth assignment, that the allegations contained in plaintiff's petition that on or about the 9th day of January, 1915, the said Martin Company was adjudicated a bankrupt, etc., and business was suspended and its assets, when sold, only paid to the plaintiff 19 per cent. of the indebtedness due it at the time. We think this allegation was permissible as affecting the question of Martin Company's solvency, as affecting the intention and purpose of defendants in furnishing the report of its financial condition, and also as an admission by plaintiff of payment. We think what we have heretofore said disposes of the first eight assignments, and they are overruled.

[4, 5] In the ninth assignment complaint is made of the refusal of the court to strike out and remove from the record testimony of plaintiff's witnesses Welborn Patterson and Mrs. W. J. Howard. These witnesses, Mrs. Howard being in the employ of R. G. Dun & Co. and Patterson of Bradstreet & Co., testified at length concerning the methods used by said mercantile companies in securing desired information for their subscribers, and especially for the plaintiff, and of the particular reports from the Martin Company, and of the forwarding of said reports to W. M. Priddy, credit man of the plaintiff. At least much of the evidence given by these witnesses was admissible, and, in the absence of a specific objection to certain parts of the statement claimed to be inadmissible, the motion was properly overruled. It seems the main contention made by appellants is that Priddy did not rely on the reports furnished by the Martin Company, but rather on the reports made by the mercantile companies. Priddy testified in part:

"To the best of my knowledge and belief the statement we received from R. G. Dun & Co. was an exact copy of this. * * * Mr. Bullington, attorney for plaintiff, says that he lost this copy; that is the original copy that R. G. Dun & Co. sent to the plaintiffs. * * * I received this statement from R. G. Dun & Co. about the 1st of June, 1914, and read it carefully and believed it was correct and relied on it as being correct, and continued soliciting the business from the Martin Company based on that representation or statement rendered."

Priddy further testified:

"I believe this to be an exact copy of the statement we received from Bradstreet & Co. that I afterwards turned over to our attorney."

Mrs. Howard testified:

"On application of the Wichita Mill & Elevator Company we sent a copy of the report received by us from the Martin Company to said Wichita Mill & Elevator Company."

Patterson testified:

"In addition to the said publication [made by Bradstreet] there was forwarded to the Wichita Mill & Elevator Company at Wichita Falls, Tex., a copy of the statement given the Bradstreet & Co. by the said Martin Company in June, 1913, in which was the said statement of the said Martin Company purporting to give its said financial condition."

It was not essential to show that plaintiff relied exclusively on the information furnished by the Martin Company in order to hold the defendants liable. If the report made by the Martin Company was false and misleading, and the plaintiff relied thereon, even in part, and would not have extended the credit it did except for such reliance, defendants would be liable. In 12 R. C. L. § 112, it is said:

"It is not necessary that the misrepresentation should be the sole cause or inducement of the contract or transaction in question, con-

tributing to the result, but it is enough that it may have constituted a material inducement. Belief may be had under this rule where reliance was in part on one's own investigation."

In Buchanan v. Burnett et al., 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900, it is held an instruction that the purchaser must have relied solely upon the vendor's false representation of title in making the purchase was properly refused. It was sufficient that he relied upon the representation, and would not have purchased if the representation had not been made.

[6] We think appellee's objection to the consideration of the appellants' tenth assignment should be sustained, on the ground that the same is too vague and uncertain to warrant consideration, and that neither in the assignment nor in the proposition thereunder is any specific reason or ground given why error was committed in the failure of the court to give the requested instruction for the defendants.

[7] We believe the instructions contained in the special charge requested by defendants, to the refusal of which the eleventh assignment of error is directed, are sufficiently covered by the court's main charge. Hence we overrule appellants' assignments, ninth to eleventh, inclusive, and also the twelfth, which complains of the refusal of the trial court to give a special charge instructing the jury in effect that before the plaintiff could recover it must be shown that the plaintiff relied solely and alone upon the statement furnished by the Martin Company. Buchanan v. Burnett et al., supra. This ruling applies also to the thirteenth assignment, which complains of the refusal of a special charge to the same general effect as that set out in the twelfth assignment.

[8] In the fourteenth assignment objection is made to the refusal of a special charge to the effect that it was the duty of the mercantile agencies to furnish to plaintiff a correct copy and report of all statements received by it from the defendants, and if the jury found that said mercantile agencies failed to send to plaintiff such statement or statements then the defendants would not be liable. We do not think such charge should have been given. Even if the evidence upon this point makes it a question for the jury whether the identical statements rendered to the commercial agencies, or exact copies thereof, were forwarded by said commercial agencies to the plaintiff, yet if the material contents thereof were furnished by such agencies to plaintiff, and these portions contained material and false representations as to the Martin Company's solvency, and plaintiff relied thereon in extending further credit, defendants would be liable. If defendants caused to be furnished a financial statement containing false representations as to material matters, and issued said false state-ments with a knowledge or intention that they would be used and relied on by plaintiff in furnishing goods or extending credit to defendants' company, and the material information contained in such statement or statements was in fact furnished plaintiff, and it relied thereon to its detriment, then it would be immaterial whether the statement furnished by the Martin Company was in its entirety, either as original or copy, forwarded by the mercantile agencies to the plaintiff. We think what we have said disposed of the fourteenth and fifteenth assignments.

We think the special charge requested by defendant, the refusal of which is urged as error in the sixteenth assignment, was on the weight of the evidence and should not have been given.

The seventeenth assignment is too vague and uncertain to warrant consideration.

[9] The eighteenth assignment complains of the refusal of a special charge instructing the jury that, unless they found that Hill Huddleston, bookkeeper and secretary of the Martin Company, was directed and authorized by the defendants to make and transmit to Bradstreet & Co. the information contained in the statement furnished in 1913, the jury should find against the plaintiff as to all the items alleged to have been furnished by plaintiff in reliance upon said statement. We think the evidence is uncontradicted as to the authority of Huddleston to furnish these statements. Huddleston testified that in sending out these statements he acted under the direction and authority of the defendants and this testimony was uncontroverted. None of the defendants testified in the case.

In his main charge the court instructed the jury that before they could find against the defendants they must find and believe the financial statements of 1913 and 1914 were made or caused to be made by the defendants. It is true that, if the evidence were conflicting upon the question of the authority under which and the capacity in which Huddleston acted in making these statements, the defendants would probably be entitled to an affirmative charge, but we do not construe the evidence as presenting an issue of fact for the jury as to the authority of Huddleston in this respect.

By another group of assignments, appellants complain of the failure of the court to give certain tendered special charges to the effect that if plaintiff had other sources of information as to the financial condition of the Martin Company during these two years, and if they should find it was the duty of the traveling salesman of plaintiff, and others, to inquire into the financial condition of its customers and report thereon, and that through these other sources of information knowledge was brought to the plaintiff, or its agents, as to the failing or insolvent condition of the Martin Company,

the jury should find for the defendants. We do not believe, for the reasons heretofore given, that such charges were proper. The mere fact that one makes a personal investigation, or consults with others, or has other sources of information open to him, does not necessarily show that he relied on such personal investigation, or the information gained therefrom, or through the other sources. See 12 R. C. L. § 112, and authorities therein cited. The material question is, Did the party claiming fraud rely on false statements or misrepresentations made by the other? In several other instances, complaint is made of the admission in evidence of the statements made by the mercantile agencies to plaintiff. It is in evidence that these reports contained either the original or exact copies of the financial statements furnished by the Martin Company. No request was made by appellants to limit the force and effect of these mercantile reports to the information contained in the financial statements themselves furnished by defendants. In the absence of such objection or request the assignments must be overruled.

[10] In the thirty-ninth assignment, complaint is made of the admission of the deposition of the referee in bankruptcy to the effect that the unsecured creditors of the Martin Company were paid a total dividend of 19 per cent. We think this was admissible to show the amount that had been paid on the original amount of indebtedness due plaintiff by the Martin Company, and as against a general objection we think the the court did not err in admitting such testimony.

Under the forty-fifth assignment, complaint is made of the admission in evidence of the purported trial balance from the books of the Martin Company as of date November 7, 1914, purporting to disclose the financial condition of the Martin Company. It is urged that said statement is immaterial and irrelevant, etc., because it was not shown that either of the defendants were responsible therefor. By reference to appellants' bill of exception No. 45, and the court's modification thereof, it is shown that the court excluded said statement and the same was not introduced as evidence.

Several assignments are directed to the testimony of the plaintiff's witness S. J. Hicks. We think the witness made a prima facie showing as to his qualification to testify as to the market value of the notes and accounts owned by the Martin Company on January 1, 1913, and as to the value of the real estate holdings, and the testimony evoked from said witness on cross-examination affected rather the weight of such evidence than its admissibility. We are further of the opinion that, while the incidental statement made by said witness that

some of the notes and accounts of the Martin Company were barred by the statutes of limitation was probably subject to the objection that the notes were in writing and would be the best evidence as to their dates, etc., yet in view of the entire testimony of Hicks, and in view of the statements contained in the courts' qualification of this bill, we are of the opinion that error, if any, was harmless.

Without attempting to enlarge further this opinion, it is sufficient to say that after a careful examination of appellants' lengthy brief, we find no reversible error presented, and conclude that judgment should be affirmed; and it is so ordered.

Affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.