HESTER et al. v. SHUSTER. (No. 6598.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 19, 1921. Rehearing Denied Nov. 16, 1921.)

1. Vendor and purchaser 44—Testimony of fraudulent representation need not preponderate.

In an action by vendee to recover purchase price on ground of fraudulent misrepresentation, a verdict in favor of plaintiff need only be supported by sufficient evidence, and the testimony need not preponderate in its favor.

2. Vendor and purchaser 35—Sale set aside by reason of oil lease on land.

Vendee may rescind a contract of purchase of land and ask for damages where he informed seller, before entering into the formal contract, that he would not purchase land with an oil lease on it, and was informed that there was no oil lease, when there was one in fact, although the contract did not stipulate as a requisite that there was no oil lease on the land.

3. Witnesses 275(4)—Cross-examination as to experience of plaintiff seeking rescission properly excluded.

In action to rescind contract of purchase of land on ground of misrepresentation, court properly refused to permit defendant to cross-examine plaintiff concerning a land deal made by plaintiff in another state as tending to show him experienced in land matters, and as a man not likely to rely upon statements made to him by strangers who were agents.

4. Trial 219—Court did not err in refusing to define misrepresentation in action to rescind.

In action to rescind a contract to purchase land, court did not err in refusing defendant's special charge defining misrepresentation; there being nothing in the charge of the court difficult of understanding, or needing such explanation.

5. Vendor and purchaser 35—Whether representation was expression of opinion held immaterial in action to rescind.

In action by purchaser of land to rescind because there was an oil lease on the land, it was immaterial that statement on behalf of defendant that there was no oil lease was merely an expression of opinion; plaintiff having positively stated that he would not purchase land with an oil lease on it.

6. Trial 260(9)—Charge as to independent investigation of title held substantially covered.

Special requested issue as to whether plaintiff, in action to rescind contract to purchase land by reason of misrepresentation that there was no oil lease on the land, made an independent investigation to ascertain such fact, held substantially covered by court's instruction for jury's guidance in answering a question as to whether or not plaintiff relied on the misrepresentation.

7. Vendor and purchaser 37(3)—Purchaser may rely on misrepresentation rather than independent investigation made.

It would not necessarily bar rescission of a contract to purchase land by reason of fraudulent representation that no oil lease was on land, that purchaser made an independent investigation, and that there was a written promise of indemnity, since he may have relied upon the misrepresentation guaranteeing the truth of the statements.

8. Mines and minerals 58—Vendor and purchaser 35—Unrecorded or improperly recorded lease not void, but voidable; purchaser need not take land with voidable oil lease thereon not filed; "void."

An unrecorded or improperly recorded oil lease is not void, but voidable, notwithstanding the use of the word "void" in Rev. St. art. 6824, and a purchaser of land, who has positively stated that he would not buy land with an oil lease on it, may rescind his contract where

·there is an unrecorded oil lease; an unrecord-·ed oil lease constituting color of title.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Void.]

**9. Vendor and purchaser ⬤⟳35—Inquiry as to whether plaintiff would have entered into contract without inducement of false representation not necessary.**

In an action to rescind a contract to purchase land on. ground of misrepresentation, it is not necessary to inquire whether plaintiff would or would not have entered into the contract without the inducement of the false representation, if it was intended to operate, and did operate, as one of the inducements to the contract.

**10. Vendor and purchaser ⬤⟳33—One who assumes special knowledge perpetrates fraud by making misrepresentation as to value.**

One who assumes special knowledge of land or its value, of which the other party is ignorant and trusts in good faith to·representations as to value, and believes them and acts upon them, perpetrates a fraud.

Appeal from District Court, Medina County; R. H. Burney, Judge.

Suit by Andy Shuster against George W. Hester and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Louis J. Brucks, of Hondo, and David C. Brown, of Devine, for appellants.

Briscoe & Morris, of Devine, and Hertzberg, Kercheville & Thomson, of San Antonio, for appellee.

COBBS, J. This suit was instituted by appellee against appellants to recover the sum of $3,000, with interest thereon, a part of the purchase price paid for a tract of .160 acres of land lying in Frio and Medina counties; for the cancellation of a note held by G. W. Hester; cancellation of outstanding vendor's lien note against the land, and cancellation of the deed to appellee, or, in the alternative, for damages in the sum of $5,000. This case was tried before the court with a jury, and resulted in a judgment on their verdict in favor of appellee for amount sued for. as prayed.

This is a fact case. The alleged fraud is predicated upon misrepresentations as to the real value of the land, inducing appellee to purchase for the sum of $8,100, or more than $50 per acre, whereas it was not worth more than $35 per acre. A great portion was covered with Bermuda grass, and crossed with ditches and of but little value for farming purposes. This condition was carefully withheld from appellee. The petition is very full on the allegations of fraud, upon which appellee relied. It was alleged there was no incumbrance on said land in the shape of an oil lease, when there was; that appellee told appellants he would not give $5 per acre if there was an oil lease on it. Appel-

lants filed sufficient responsive denials and pleadings to raise all the issues. There is no necessity here to give the details of the proof. The testimony is pro and con, and is sufficient to support the verdict of the jury and the judgment of the court, unless there was some error in procedure committed by the court or in the submission of the case.

The court only submitted to the jury two questions, to which the jury answered Yes to each, and they are as follows:

Question No. 1:

"Prior to the execution of the deed by R. B. Teel to the plaintiff, Andy Shuster, of date May 26, 1919, did the defendants, or either of them, state to the plaintiff that there was no oil lease on the land in controversy, or make any statement to him that caused him to believe that there was no oil lease on the said land at and prior to the time said deed was executed. Answer Yes or No, as you may find the facts to be from the evidence."

Question No. 2:

"If you should answer question No. 1 No, then you need not answer the following question, but if you answer the same Yes, then in answer to this question state whether the plaintiff was in any way induced by said statements to contract for and purchase the land in controversy in this case. Answer Yes or No. You are instructed that should you answer question No. 1 in the affirmative, that is, that the defendants, or either of them, had stated to the plaintiff that there was no oil lease on the land, but you further find from the evidence that the plaintiff did not rely upon said statement, but relied entirely upon the fact that the records of Frio county, Texas, failed to show any oil lease on said land in making the purchase of the same, then, in case you should so find, your answer to question No. 2 should be in the negative."

Upon the return of those answers the court found and made as a part of the judgment the following additional facts, to wit:

"It is therefore the opinion and judgment of the court from said verdict and the following undisputed facts (among others) in the case, which the court finds as true, to wit:

"That the plaintiff, Andy Shuster, paid to defendants, on May 26, 1919, the sum of $3,000 in cash.

"That on April 25, 1919, G. F. Adams, the then owner of said land in controversy, executed an oil and gas lease thereon, to the trustees of the Southwestern Oil & Gas Company, which lease was a valid and subsisting lease on May 13 and May 26, 1919.

"That immediately after plaintiff discovered the existence of said oil lease, which was on or about June 10, 1919, he repudiated the transaction, and demanded from defendants his money and note, and offered to surrender his deed and the land to defendants, which defendants refused to do.

"That plaintiff never took possession of said land, nor collected rents thereon, or in any way ratified the trade, after discovering the

existence of an outstanding oil lease thereon.

"That the plaintiff is therefore entitled to the rescission and cancellation of the deed from defendants, R. B. Teel and wife, Rose Teel, to Andy Shuster, dated May 26, A. D. 1919, conveying the land in controversy in this suit, and described more fully in plaintiff's first amended original petition, together with the vendor's lien note then executed to G. W. Hester, and that plaintiff is entitled to recover the sum of $3,000, with 6 per cent. interest thereon from May 26, A. D. 1919, until paid."

[1] The first error assigned by appellants is to the effect the verdict is contrary to the evidence, because, the suit being one for cancellation of a deed, it must be established by clear, convincing, and satisfactory evidence that he relied on alleged representations as to the existence of an oil lease on the land which induced him to purchase and accept the trade. This assignment is in fact nothing more than a challenge that the testimony does not support the judgment. It raises no question of law to be disposed of. Whether the testimony preponderated in favor of the verdict or not, there was sufficient evidence to support it. The jury found that appellants stated there was no oil lease on the land in controversy, and caused him to believe that there was no oil lease on said land at and prior to the time said deed was executed. The proof showed that there was such an oil lease on the land, and appellants knew at the time of the execution and delivery of the deed such statement and representation was not true, and there was testimony that appellee stated if there was such a lease outstanding he would not give $5 per acre for the land.

[2] Appellant contends in a proposition under this assignment, though in no wise germane to it, that representations preceding and forming no part of a contract are not a basis for action of rescission and for damages, and makes the contention that the contract entered into does not stipulate as a requisite that there was no oil lease on the land. Why should the sale contract state a matter that had been represented as having no existence? It had already been discussed, and appellant had been informed that he would not pay more than $5 for land upon which there was an oil lease.

It was a fact, the existence of which appellant was well informed and of which the appellee had no knowledge whatever. Appellee had a right not to purchase land with oil leases on it, and no court will make him perform such a contract, whether or not the terms were embraced within the terms of a subsequent agreement, because it was a part of the material consideration. Since the understanding was that he would not under such circumstances purchase, it would be inequitable for any court to compel him to take land with an oil lease on it, when he was under the impression there was none on it.

The appellant does not by any assignment challenge the second issue submitted to the jury by the court to find whether plaintiff was induced by said statement (that there was no oil lease on the land in controversy) to contract for and purchase the land in controversy.' The only issue the court submits to the jury to find was whether there was an oil lease on the land; then did the statement that there was not induce the purchase?

[3] Appellant complains in the second assignment that the court refused to permit him to cross-examine the plaintiff concerning a land deal made by plaintiff in California, as tending to show him experienced in land matters, and as a man not likely to rely upon statements made him by strangers who were agents. The court did not err in such ruling.

[4] The court did not err in refusing appellant's special charge No. 1 defining misrepresentation. There was nothing in the charge difficult of understanding, or needing such explanation. The jury were told to find if the statement made that there was no oil lease on the land caused "him to believe" it, and, secondly, was he induced by such statement to contract for and purchase the land?

[5] The court did not err in refusing the sixth question, assigned as the fourth error, that the statement in regard to the oil was merely the expression of opinion based upon information and belief and made with no intent to deceive. This charge is erroneous in that part which says "was made with intent to deceive." Riggins v. Trickey, 46 Tex. Civ. App. 569, 102 S. W. 918. The charge is not germane to the issues. It had been proven that the oil lease was in existence as a fact at the time of the trade, and there does not seem to be any necessity for a charge to find whether they were made as an expression of opinion or not. If it be true appellee stated he would not purchase with an oil lease on the land, he had the right to impose such condition on his trade and cancel it. "As men bind themselves, so must they stand bound."

[6] Appellants claim in the fifth assignment of error that the court refused to submit their fourth question to the jury to ascertain if plaintiff by himself or through an agent made an independent investigation to ascertain whether or not there was an oil lease on the land prior to closing the deal and accepting the deed. The assignment presented is that the jury should have been permitted to pass upon any independent investigation of title, invoked by plaintiff, and should have had their attention called thereto as constituting one of the material issues in the case. This issue is substantially covered by the court's instruction to the jury for their guidance contained in question No. 2, above set out.

[7] Suppose the jury had been instructed to find whether there was an independent investigation made, and the jury had so found, there was no issue made whether he relied on it, and not upon the representations. If he relied on representations, not true, but fraudulently made to deceive, which caused the injury, it was a fraud. It was a question whether he relied upon a written promise of indemnity or a misrepresentation guaranteeing the truth of the statements. The jury has settled this by finding that reliance was on what appellants told him. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; Boles v. Aldridge, 107 Tex. 209, 175 S. W. 1052.

The sixth assignment complains of the judgment of the court in finding that the oil lease was a valid and subsisting lease against R. B. Teel on May 13, 1919, because the lease had not been filed for record in either Medina or Frio counties. The amended petition alleges that the 160 acres was in Frio and Medina counties. It was agreed that—

"All of the parties resided in Medina county, and the following admission is also contained in the statement of facts: 'It is admitted by the parties to this suit that the oil lease from Adams is on record in the deed records of Medina county, Tex., and has been for some time.'"

[8, 9] The court found as a matter of law, in its decree, shown on page 17 of the transcript, that on April 25, 1919, G. F. Adams, the then owner of said land in controversy, executed an oil and gas lease thereon to the trustees of the Southwestern Oil & Gas Company, which lease was a valid and subsisting lease on May 13, and May 26, 1919. A copy of the lease is shown in the statement of facts. No exception was taken by the appellants to this finding of the court, and in the absence of any exception this conclusion of fact and law cannot be assailed. Furthermore, the appellants do not present this question in any objections to the charge. He had the right to buy land free from an oil lease. As between the original parties to the lease, G. F. Adams and the Southwestern Oil & Gas Company, the lease was valid to all intents and purposes. Article 6824, R. S. It constitutes color of title, according to the decisions of this state. The word "void" in article 6824, Revised Statutes, means and is used in the sense of "voidable." Phelps v. Pecos Valey Ry. Co., 182 S. W. 1156; Rutherford v. Carr, 84 S. W. 659. Shuster had a right to buy this piece of land even without a "voidable" lease thereon. It is very well settled that if the false representations were intended to operate, and did operate, as one of the inducements to the contract, it is not necessary to inquire whether the plaintiff would or would not have made it without this inducement. 12 R. C. 1, p. 299. There is no question but that if the appellants had informed Shuster that there was an oil lease, he would not have contracted to buy the land under any circumstances. That is very evident from the record. It is not only testified to by Shuster, but by McLaughlin, and admitted by the appellants. Whether a misrepresentation is material has also been defined by our Supreme Court in the case of Putman v. Bromwell, 73 Tex. 465, 11 S. W. 491. Shuster had a right to buy a piece of land without an oil lease thereon, or without even a color of lease. If he preferred a piece of land without a cloud on the title, he had a right to buy it, and where it was misrepresented and stated positively that there was no kind of an oil lease, he had a right to rely on said representation, and, if it was untrue, he had a right to rescind and cancel the contract on that ground alone, independent of other representations.

[10] There was ample testimony to establish all the allegations of fraud, especially when made by the party holding the position of trust or confidence, or by one of the parties to the sale. One who assumes special knowledge of the property or its value, of which the other party is ignorant and trusts in good faith to such representations, and believes them and acts upon them, perpetrates a fraud. Riggins v. Trickey, 46 Tex. Civ. App. 569, 102 S. W. p. 918.

In so far as appellee's duty to investigate the records of Frio county so as to show the existence of an oil lease is concerned, our Supreme Court in a very similar case has held that, where the seller furnishes an abstract, showing a defect in his title, but represents orally that his title is good, and that he could make a good title, the deed can be canceled for fraud notwithstanding. See Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900. It is there held that an instruction that the purchaser must have relied solely upon the vendor's false representation of title in making the purchase was properly refused, and that he owes no duty to investigate the truth of the statements made to him. It was sufficient that he relied upon the representation, and would not have purchased if the representation had not been made. In other words, in this case, it was sufficient if Shuster relied upon the representations as to an oil lease, and would not have purchased the land if the representations had not been made; it was not necessary to show that he relied solely upon those representations. 20 Cyc. p. 41; Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; 12 R. C. L. pp. 343–345.

Courts do not look with much favor upon cases where obviously the parties come to a realization that they have made an unprofitable bargain and seek some loophole for an escape upon the ground of fraud, proceed to build up such a defense, and trust to the verdict of a very sensitive jury to put them through. But in a case like this a party has

the right in buying a piece of land to stipulate all necessary conditions that are lawful, such as that there shall be no outstanding leases thereon, and such a contract will be enforced unless expressly waived or estopped by his conduct, which does not seem to be done here.

We find no reversible error assigned, and the assignments are all overruled, and the judgment is affirmed.