FIRST STATE BANK OF BELLAIRE, Appellant,

v.

OLDE COLONY HOUSE, INC., et al., Appellees.

No. 4578.

Court of Civil Appeals of Texas.

Waco.

April 6, 1967.

Rehearing Denied April 20, 1967.

Eastham & Meyer, Clarence C. Meyer, Sam Dawkins, Jr., Houston, for appellant.

Powell, Tucker & Kain, Richard L. Reedy, William E. Mallia, Houston, for appellees.

McDONALD, Chief Judge.

This is an appeal by plaintiff bank from a (partially) adverse judgment in a suit against the maker and endorser of a note.

Plaintiff bank sued defendant Olde Colony House, Inc., (a furniture store), the maker, and defendant Calmes, the endorser, for $28,344.52 balance due on a note payable to plaintiff. Defendant Olde Colony by answer, admitted making the note, but alleged plaintiff had seized and converted furniture not covered by the trust receipt securing the note, and prayed that the note be offset and credited with the value of such furniture. Defendant Calmes answered, asserting the note (originally for $35,000) was secured by a trust receipt on individually itemized furniture; that when furniture was sold, payment was to be made, and the note was to be reduced in proportion to the amount of furniture sold; that the bank induced Calmes to endorse the note by representing that it would see that the inventory was not reduced at a faster rate than the amount owed on the note by making periodic inspections; that if Olde Colony defaulted, the bank would deliver to Calmes all furniture under the trust receipt less the items sold and credited on the note; and that the bank would require fidelity bonds on all employees of Olde Colony. Calmes asserted such representations were false and fraudulent, and prayed for cancellation and rescission of his endorsement.

Olde Colony defaulted on the note; plaintiff bank seized all furniture located at Olde Colony's store; sold same and credited the amount (less expenses) on the note; and sued Olde Colony, the maker, and Calmes, the endorser, for the balance due.

Trial was to a jury which, in answer to issues submitted, found:

1) The bank (Vice President) represented to defendant Calmes that if he endorsed the note the bank would make periodic inspections of the inventory of Olde Colony House, Inc.

that was pledged to the note to see that the inventory was not depleted faster than the corresponding amount due on the note.

2) At the time of making such representation the bank (Vice President) had no intention of making such inspections.

3) Such representation was made for the purpose of inducing Calmes to endorse the note.

4) Calmes relied on such representation in endorsing the note.

5) Such representation was a material inducement to Calmes to endorse the note and but for such inducement he would not have done so.

6) Plaintiff bank repossessed furniture of Olde Colony not listed on the trust receipt, of a value of $6,000.

The trial court entered judgment on the verdict that defendant Calmes' endorsement be cancelled, and that plaintiff bank take nothing as to Calmes; credited the note with $6,000; and entered judgment for plaintiff bank for $22,344.52 against defendant Olde Colony.

Plaintiff bank appeals on ten points, contending:

1) The trial court erred in allowing improper testimony that Calmes relied on plaintiff's representation to obtain fidelity bonds on Olde Colony employees.

2) There is no evidence to support the jury's answer to Issue 5, and/or such finding is against the great weight and preponderance of the evidence.

3) The trial court erred in entering judgment for Calmes when no damages were shown; and erred in refusing to submit plaintiff's requested issue as to causal connection between failure of bank to make periodic inspections of the pledged inventory and damages to Calmes.

4) The trial court erred in awarding judgment for $6,000 offset to Olde Colony.

■ Plaintiff's 1st contention complains of testimony that Calmes relied on the bank's representation to obtain fidelity bonds on Olde Colony employees. Defendant Calmes plead that his endorsement of the Olde Colony note was induced by plaintiff bank's false and fraudulent representation that it would secure a fidelity bond on Olde Colony employees. The evidence was admissible. The fact that the trial court did not submit defendant Calmes' requested issue on such, does not render the testimony inadmissible.

Plaintiff's 2nd contention complains there is no evidence to support the jury's answer to issue 5 and/or such finding is against the preponderance of the evidence. The jury, in answer to Issue 5, found that the bank's representation that it would make periodic inspections of the Olde Colony furniture inventory to see that it was not depleted faster than note payments, was a material inducement to Calmes to endorse the note. Plaintiff asserts that Calmes relied on three representations which induced him to endorse the note, and that but for the several representations made he would not have endorsed the note, and thus the finding the representation the bank would inspect the inventory was a material inducement to Calmes to endorse the note is without support in the evidence.

■ It is not necessary, in order to avoid a contract for fraud that such fraud should have been the sole cause of making the same. It is sufficient that the fraudulent representation is relied on to the extent that it was a material factor in inducing the making of the contract and without which the same would not have been made. Buchanan v. Burnett, 102 Tex. 492, 119 S.W. 1141; McClung Const. Co. v. Muncy, CCA (Er.Dis.) 65 S.W.2d 786.

The evidence is ample to sustain the finding.

Plaintiff's 3rd contention is that Calmes has shown no damage by the failure of plaintiff to make periodic inspections of the inventory; that the inventory might have disappeared the day before Olde Colony defaulted, and that inspections, if made in such situation, would not have disclosed any shortage. The note provided that as each item of furniture on the trust receipt was sold, the amount would be paid on the note. When Olde Colony defaulted the pledged inventory was some 50% short.

Plaintiff did not object to the charge, but did request an issue as to whether "Calmes was not damaged by the failure of (the bank) to make periodic inspections of the pledged inventory", which issue was refused by the trial court.

■ Calmes was induced to endorse a $35,000. note on the false and fraudulent representation that the bank would make periodic inspections of the inventory to see that the inventory was not depleted faster than the corresponding amounts of money were paid on the note; and if called upon to pay the note, or any part thereof, Calmes would thus be entitled to a like amount of furniture. When called upon to pay the balance of some $28,000 due on the note—the inventory of furniture was less than one-half of this amount. Calmes incurred a legal liability or obligation different than represented or contracted for, and in such situation no further showing is necessary in order to entitle him to rescission. Russell v. Industrial Transp Co., 113 Tex. 441, 258 S.W. 462; Texas Ind. Trust v. Lusk, CCA, Er.Ref., 312 S.W.2d 324.

■ Plaintiff's 4th contention complains of the trial court's awarding defendant Olde Colony a $6,000 offset. Defendant Olde Colony plead, and it is undisputed that plaintiff wrongfully converted furniture not covered by the trust receipt, which belonged to Olde Colony. The evidence is ample to sustain the finding that such had a value of $6,000. No error is presented.

All plaintiff's points and contentions have been considered and are overruled. Affirmed.