## ALLEN v. PENDARVIS.

No. 7664. Opinion Filed September 12, 1916.

(159 Pac. 1117.)

### 1. Fraud—Actions—Right to Recover.

In an action to recover damages for fraud and deceit, in order to entitle plaintiff to recover it is not necessary that the fraudulent representations complained of should be the sole consideration or inducement moving the plaintiff to take the action from which the injury ensued. If without the fraudulent representations the party injured would not have acted, then such representations contributed to induce the action, notwithstanding that other equally powerful motives, without the existence of which the party injured would not have acted, may at the same time have influenced such action.

### 2. Same—Instructions.

An instruction which advises the jury, "If you find from the evidence that the plaintiff was induced to buy the bank stock in question by or through the agency of some other influence than any representations made to him by the defendant at the time of the sale, then the plaintiff cannot recover, and your verdict shall be for the defendant," is erroneous.

(Syllabus by Rummons, C.)

Error from District Court, Garfield County; James B. Cullison, judge.

Action by W. H. Allen against E. A. Pendarvis. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Parker & Simons, for plaintiff in error.

H. J. Sturgis and H. G. McKeever, for defendant in error.

Opinion by RUMMONS, C. This cause was commenced in the district court of Garfield county to recover damages for fraud and deceit perpetrated by the defendant in error upon the plaintiff in error, hereinafter styled, respectively, defendant and plaintiff, in the selling of certain shares of bank stock in the Garfield Exchange Bank of Enid, Okla.

The evidence on behalf of the plaintiff was to the effect that about the time of the purchase by him of the shares of stock he was a bookkeeper in the Oklahoma State Bank at Enid; that he was desirous of obtaining a better position; that a mutual acquaintance of plaintiff and defendant, Floy Horney, was at the same time employed in the Garfield Exchange Bank, of which the defendant was assistant cashier. Horney brought plaintiff and defendant together. Defendant advised plaintiff that he had five shares of stock for sale, which he would sell for a premium of $50 per share, or $150 per share. Plaintiff asked defendant what he thought about the investment in the stock of the bank, to which defendant replied:

"I believe it would be a good investment for you, Harry. It would be a good investment for a young man like you. I am glad to see a young man wanting to go into a position like that. It will give him something to work for."

Plaintiff asked defendant if it was a good bank, to which defendant replied:

"Yes, sir; it is a good bank."

Plaintiff asked defendant if the bank was paying dividends, and he said:

"No; the bank hasn't been paying a dividend for some time. The reason is because there is a lot of bad paper there that was left there by Ferguson, and we have got that all cleaned up now, and I don't see any reason why we should not pay a dividend by the first of the year of 15 per cent."

It further appears from the testimony of plaintiff that his proposition to buy the stock of defendant was conditioned upon his obtaining a position in the Garfield Exchange Bank; that defendant saw the president of the bank and arranged for him to secure a position in that bank, which was done. Plaintiff bought the five shares of stock for $750, giving therefor his note with his father as surety, which note was subsequently paid. It appears from the evidence on behalf of the plaintiff that the Garfield Exchange Bank had a large amount of bad paper and was heavily involved at the time of the sale of this stock, and on May 27, 1914, nearly two years after the sale of the stock, closed its doors and was taken charge of by the bank commissioner. Plaintiff testified he relied upon the representations of the defendant as to the condition of the bank. The defendant denied making any representations as to the bad paper in the bank having been cleaned up, or as to the conditions of the bank, and testified that the only conversation concerning the transaction was about the price of his shares of stock and the possibility of the plaintiff securing a position in the bank. Horney, who was present during most of the conversation, testified that the only thing that he remembered to have been said, except as to the price of the stock and the position desired by the plaintiff, was the statement by defendant that he thought the stock would be a good investment for the plaintiff. The case was tried to a jury, resulting in a verdict for the defendant, upon which judgment was rendered, and the plaintiff prosecutes this proceeding in error to reverse such judgment.

Plaintiff makes several assignments of error, but we think there is only one error complained of which would warrant a reversal of this cause. The court instructed the jury as follows:

"The jury is instructed that, if you find from the evidence that the plaintiff was induced to buy the bank stock in question by or through the agency of some other influence than any representations made to him by the defendant at the time of the sale, then the plaintiff cannot recover and your verdict shall be for the defendant."

The giving of this instruction is assigned by plaintiff as error. We think this assignment is well taken. From the evidence of plaintiff it is apparent that he was actuated in the purchase of this stock by a desire to get a better position than the one he was then occupying, and from this instruction the jury was authorized to find for the defendant, if the plaintiff was induced to buy the bank stock by or through the agency of some other influence than any representations made to him by the defendant at the time of the sale. This instruction advised the jury that they must find for the defendant unless the plaintiff acted solely upon the alleged false representations made to him by the defendant. This is not the law. In an action like this, in order to entitle the plaintiff to recover, it is not necessary that the fraudulent representations complained of should be the sole consideration or inducement moving the plaintiff to make the purchase from which the injury ensued. If the representations contributed to the formation of the conclusion in his mind to buy, that is enough, although there may have been other inducements operating at the same time and aiding and leading him to that determination. A true test in such cases may be found in the inquiry whether the plaintiff would have bought the stock if the false representations had not been made. If he would, then the false representations did not contribute to the purchase; for he would have bought without them. But, if he would not have bought without the representations, then they contributed to the purchase and the party making them is responsible for the damage which the plaintiff suffered, notwithstanding that other equally powerful motives may have influenced his mind at the same time in the same direction and without the existence of which he would not have come to the conclusion to buy. If the plaintiff would not have bought the stock except for the representations alleged to have been made by the defendant, then he would be entitled to recover if such representations were in fact made, were material, and were false, even though he would not have bought the stock unless he was able to secure a position in the bank. 12 R. C. L. p. 358. section 112; Tooker v. Alston, 159 Fed. 599, 86 C. C. A. 425, 16 L. R. A. (N. S.) 818; Dime Sav. Bank v. Fletcher, 158 Mich. 162, 122 N. W. 540, 35 L. R. A. (N. S..) 858; Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; Shaw v. Stine, 21 N. Y. Super. Ct. 157.

The plaintiff was entitled to have the jury determine from all the evidence in the case whether or not he was induced by the alleged false representations to part with his money, and we think this instruction excluded that consideration from the jury.

The giving of this instruction constitutes prejudicial error, and this cause should be reversed and remanded for a new trial.

By the Court: It is so ordered.