PECK v. ROBINSON & SMITH.
(No. 7321.)

(Court of Civil Appeals of Texas. Galveston. March 1, 1917. Rehearing Denied April 19, 1917.)

1. FRAUD ⬗64(5) — JURY QUESTION — LAND TRADE.

In damage action for misrepresenting amount of timber on land traded to plaintiff, evidence *held* to make defendant's fraud a jury question, although plaintiff sent his own agent to inspect the land, where such agent was misled by defendant's representative regarding the boundaries and amount of timber on the tract.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 70.]

2. FRAUD ⬗22(1) — NEGLIGENCE OF DEFRAUDED PARTY—EFFECT.

A damage action for fraud cannot be defeated by plea that defrauded party might have discovered the facts by exercising proper care.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 19, 20, 22, 23.]

Appeal from District Court, Harris County; A. R. Hamblen, Special Judge.

Action by H. M. Peck against John F. Robinson and Edward D. Smith, doing business as Robinson & Smith. Judgment for defendants in original action and for plaintiff upon defendants' cross-bill. From the judgment in the original action, plaintiff appeals. Reversed and remanded.

E. T. Chew, of Houston, for appellant. Campbell, Sewall & Myer, of Houston, and Sonfield, King & Sonfield, of Beaumont, for appellees.

PLEASANTS, C. J. Appellant brought this suit against John F. Robinson and Edward D. Smith, composing the firm of Robinson & Smith, to recover damages for the alleged fraud and false representations of appellees and their agent by which appellant was induced to transfer to appellees property owned by him in consideration of the conveyance to him by appellees of a tract of 743 acres of land, a part of the Riggs survey in San Jacinto county.

The petition alleges, in substance, that the contract for the exchange of property between plaintiff and the defendants was entered into by the plaintiff upon the statement and representations of defendants that the land to be conveyed to plaintiff had pine timber thereon from which an average of 5,500 feet per acre could be cut, and that there were no squatters on the land claiming title to any portion thereof.

It was further alleged that, when said representations were made to plaintiff, he informed the defendants that he would like to send an experienced timber estimator upon said land, and selected as his agent and representative for said purpose Mr. Fred G. Lock; that defendants selected as their agent one L. A. White, who they said was a surveyor, and knew the location of the land, and could show the said F. G. Lock the land and the timber standing thereon, and could in fact tell him everything about the land that he wished to know; that thereafter said White took F. G. Lock upon a portion of the land where the best timber stood, and pointed out certain places where he said the lines of the Riggs survey ran, and purposely avoided that portion of the land where there was no timber, and told the said Lock, while upon the land, that the part of the survey that they had not seen would cut as good and more timber than that part they had seen, and that all of the squatters had been settled with, and thereby induced the said Lock to believe that the land was as rep-

resented by defendants, and that he had fairly covered the Riggs survey, and that same would cut on an average of 5,500 feet of pine timber to the acre, and was free of squatters; acting upon the report made by said Lock that the land would cut 5,500 feet of pine timber and was free from squatters, plaintiff consummated the trade by transferring his property to defendants and accepting as consideration therefor a deed from defendants to the 743 acres of land; afterwards, the said F. G. Lock went upon the Riggs survey and discovered that the lines of the Riggs survey were not where the said White told him they were; that the said White had taken him where there was good timber standing upon the Riggs survey that would cut 5,500 feet of pine timber to the acre, and more, and had avoided that part of the land that had poor timber on same; that the false lines pointed out to F. G. Lock included pine timber that would cut on an average 5,500 feet per acre, while the true lines of the Riggs survey included land that had no timber and much land that had poor timber; that, instead of the land cutting 5,500 feet of pine timber to the acre, it would not cut more than 2,500 feet of pine timber to the acre; that defendants and their agent had therefore practiced a fraud and deceit upon plaintiff and the said Lock, which resulted to plaintiff's damage in the difference between the value of the livery stable conveyed by plaintiff to defendants and the three notes of $743 each, and interest thereon, which totaled $10,807 (as set out in said written contract), and the reasonable market value of the 743 acres, which was alleged to be $4,500.

Defendants' answer contains a general demurrer, special exceptions, general denial, and special denials of each of the material allegations of plaintiff's petition. It also contains cross-bill by which defendants ask to recover damages from plaintiff because of alleged false representations made to them by him in regard to the property transferred to them.

There was a trial by jury in the court below. After hearing the evidence the trial judge instructed the jury to return a verdict in favor of defendants upon the cause of action asserted by plaintiff and in favor of plaintiff upon defendants' cross-bill. Upon the return of such verdict judgment was rendered in accordance therewith.

Under appropriate assignments of error appellant complains of that portion of the charge instructing the jury to return a verdict against plaintiff on his claim for damages, on the ground that there was sufficient evidence to sustain a finding by the jury in favor of plaintiff upon all the material allegations of the petition.

We think the evidence raises the issue of fraudulent misrepresentation by defendants' agent which was relied on by plaintiff, and by which he was induced to make the exchange of property and suffered damages as claimed in his petition, and therefore the case should not have been taken from the jury.

[1] In view of another trial of the case it is not proper for us to express any opinion upon the weight of the evidence, nor to discuss or set it out in detail. It is true that plaintiff did not rely entirely upon the statements of defendant Smith that the land would cut 5,500 feet of pine timber to the acre, and informed Smith that he would send Lock as his agent to make an estimate of the timber, but the evidence does justify the conclusion that plaintiff relied upon Smith's assurance that White, who was Smith's agent and sent with Lock to show him the land, knew the land and would not make any false representations as to the location of its lines and the timber thereon. There is evidence from which the jury might have found that White did not correctly point out the land to Lock, but pointed out the location of the lines of the land so as to show that a portion of the land upon which there was no pine timber was not a part of the land, and further misrepresented the facts by telling Lock that the timber on the portion of the land which was not shown him was as good or better than that shown him. It goes without saying that defendants are liable for damages caused by the misrepresentations of their agent, and according to plaintiff's evidence White was defendants' agent for the purpose of showing him the land, and said agent's knowledge of the location of the land and the timber thereon was vouched for by defendants. In regard to the alleged misrepresentation as to the claims of squatters, while there is evidence that there were squatters on the land who were claiming portions of it, it appears that all of the squatters have been dispossessed, and there is no evidence showing to what extent, if any, these squatters' claims depreciated the value of the land.

[2] If White, as agent of appellees, made the misrepresentations shown by the testimony of Lock, it is no answer to plaintiff's claim to say that Lock was negligent in relying upon White's statements and not making further investigation as to the location of the land and the timber thereon. Where there has been fraudulent misrepresentation by which one has been induced to enter into a contract, the person committing the fraud cannot defeat a claim for damages resulting therefrom by the plea that the party defrauded might have discovered the truth by the exercise of proper care. The obvious complete answer to such plea is that one who has stated what is untrue for the purpose of inducing another to enter into a contract cannot in good conscience be heard to say that the person who relied upon the truth and honesty of his statements was negligent in so doing. Labbe v. Corbett, 69 Tex. 509, 6 S. W. 808; White v. Peters, 185 S. W. 659;

Buchanan v. Bennett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900.

It follows from the conclusions before stated that the judgment of the court below should be reversed, and the cause remanded, and it has been so ordered.

Reversed and remanded.