MILAM et al. v. LAUNDER. (No. 5914.) *

(Court of Civil Appeals of Texas. Austin. June 5, 1918.)

VENDOR AND PURCHASER &#8596;341(2)—RESCISSION—FRAUD.

In action by purchaser to cancel sale of lots, where plaintiff testified in answer to direct question that he relied upon personal promise of defendant's agent to effect resale of lots at profit, he could not recover for fraud upon alleged fraudulent representation as to size of lots.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Suit by F. P. Launder against J. R. Milam and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Davis & Cocke, of Waco, for appellants. S. H. Clayton, E. W. Hander, and E. B. Baker, all of Waco, for appellee.

KEY, C. J. Appellee concedes the correctness of appellants' statement of the nature and result of the suit, which is as follows:

"The plaintiff, F. P. Launder, brought this suit against J. R. Milam, M. A. Cooper, and H. W. Carver, seeking to recover $320 in money paid by him, and to cancel certain notes and obligations executed and delivered by him to defendants, under a contract for purchase by plaintiff from defendants of lots 9, 10, 11, and 12, in block No. 9, of Travis Park addition to the city of Waco, or, in case he should not be awarded cancellation of notes and of contract, then he asked for damages to the extent of $320 and interest, less the value of the lots bought. Plaintiff alleged that, in order to induce plaintiff to buy the lots, pay out the money, and execute the notes or obligations therefor, defendants, through their agents, made certain alleged false representations to plaintiff, which in fact did induce him to make the purchase, alleging, among other things, that it was represented to him that the size of each of the lots purchased was 50x165 feet, and that this statement was false, in that the size of the lots was 25x120 feet, as shown by a map or plat of said addition recorded in county clerk's office subsequent to said purchase. It is not necessary to set forth plaintiff's allegations with respect to other alleged representations, since none of them was submitted to the jury. Plaintiff alleged in

proper form that said representations were made with intent that he should rely upon them, that he did rely on same, the materiality of such representations, and that their falsity was unknown to him. Other allegations are not necessary to be here stated.

"Defendants pleaded general denial, and specially that plaintiff was estopped and precluded from claiming rescission of the contract for or on account of any alleged untrue statement or representations made by any agent or salesman purporting to act for or on behalf of defendants, for the reason that the written contract executed by plaintiff provided for the purchase of the lots 'subject to the conditions on the back hereof,' and that there was printed on the back thereof, at the time plaintiff signed same, a condition (No. 3) which read as follows: 'The signer of this agreement expressly agrees and understands that no agent has power or authority to bind M. A. Cooper, H. W. Carver, or J. R. Milam, or the Travis Park Sales Company, by any act or statement not set forth in this document'—whereby plaintiff was put on notice that no salesman or agent not expressly authorized so to do could bind defendants by any act or statement not set forth in the contract, that no such authority was ever given, and that, if such representations were ever made, which was denied, then that plaintiff had no right to rely on same. By cross-action, defendants sought judgment against plaintiff on the notes executed by him and foreclosure of vendor's lien on the lots.

"In a supplemental petition, plaintiff, besides denying allegations of defendants, pleaded inability on his part to read the English language, that this fact was known to the agents of defendants, and that when same was presented for execution plaintiff requested information as to what the contract was and an explanation of its contents, and that such agents represented to him that it was only a receipt and paper to show that he had bought the lots described, and in case defendants had sold the lots before the contract reached them, in that event plaintiff could get his money back, and that plaintiff believed and relied upon such representations.

"Request by defendants for peremptory instruction in their favor was refused, and the cause was submitted to the jury on special issues; the court submitting only the issues with reference to the alleged misrepresentations as to size of lots, and refusing all requests of the plaintiff to submit any other or further issues to the jury. The jury, in response to the special issues submitted, found that the agent, Seale, did represent to the plaintiff that the size of each of the lots in question was 50x165 feet, and that plaintiff relied upon such representations as an inducement to sign the notes held by the defendants Milam, Cooper and Carver. It was undisputed that the lots were in fact 25x120 feet in area.

"Defendants' motion to set aside the verdict and findings of the jury, and in alternative for the court to disregard such findings and enter judgment for the defendants, was overruled, and exception duly taken, and thereupon judgment was on March 29, 1917, entered by the court in favor of plaintiff against defendants for $218 and costs of court, and canceling the contracts, notes, and obligations executed by plaintiff in connection with the purchase of the lots in question and that defendants take nothing by their cross-action. Defendants' motion for new trial was overruled, notice of appeal duly given, and appeal bond, with supersedeas, filed and approved within due time, and the case is before this court for review upon assignments of error contained in defendants' motion for new trial."

## Opinion.

We sustain the seventh, eighth, and ninth assignments of error, which complain of the action of the trial court in refusing to set aside the verdict and findings of the jury, for the reason stated in appellants' first proposition under those assignments, which is as follows:

"The burden resting upon the plaintiff to show that he did in fact rely upon the alleged representation of the salesman as to size of the lots as an inducement to sign the contract and notes is not met when he testifies, in answer to the direct question as to what he relied upon, that he relied upon the personal promise of such salesman to effect a resale of the lots at a profit within a short time."

Under the charge of the court appellee was not entitled to a rescission of the contract, unless he relied upon the representations alleged to have been made by appellants' agent as to the size of the lots. The lots were 25x120 feet. No witness testified as to any misrepresentation concerning their size, except the plaintiff himself, who testified that appellants' agent, who negotiated the sale of the lots to him, represented that they were 50x165 feet. This was denied by the agent referred to. The plaintiff testified, in general terms, that he relied upon the statements made to him by appellants' agent; but, when asked as to the particular statements relied upon, he stated more than once that it was a promise made by the agent to resell the lots at a profit of $100 each. He stated that the agent did not make that promise on behalf of appellants, but solely on behalf of the agent, and the court did not submit that issue to the jury. Plaintiff having testified, in effect, that the promise referred to was the controlling reason which influenced him to purchase the lots, the finding of the jury that he relied upon and was influenced by the statement of the agent as to the size of the lots is so contrary to the testimony that we feel constrained to hold that the trial court should have set the verdict aside for that reason.

The assignments presenting other questions have been considered, and are decided against appellants; but, for the reason stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.