## MASSIRER v. MILAM et al. (No. 6210.)

(Court of Civil Appeals of Texas. Austin. June 9, 1920.)

1. **Vendor and purchaser** ⬳45—**Whether vendors' agent procured sales by false representations held for jury.**

In purchaser's action to rescind question of misrepresentations as to size and the market value of the lots, as to other purchasers having resold at a profit, and as to contract for street railway through the addition, *held* for the jury.

2. **Principal and agent** ⬳156—**Purchaser not entitled to rescind for breach of agreement of vendors' agents to resell.**

If purchaser was induced to buy on the strength of the promise of vendors' agents to resell within a short time at a certain profit, the breach of such agreement did not entitle purchaser to rescind and recover the purchase money; the promise having been made by the agents personally, and not for vendors.

3. **Vendor and purchaser** ⬳33 — **Purchaser may rescind for fraud, though one promise affords no ground.**

Where a number of false representations are made, each of which influences the purchaser in a transaction, and each of which is material, the purchaser may rescind the trade, notwithstanding that one of such promises, without which he would not have made the purchase, affords no ground for rescission.

4. **Vendor and purchaser** ⬳34—**Representation as to size of lot held material.**

A representation that lots were 50x165 feet, when in fact they were only 25x120 feet, *held* material representation.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Vendor and purchaser ⬡37(4)—When representations as to value constitute statement of fact and not opinion.**

Ordinarily the statement as to value is but the statement of an opinion, and the purchaser has no right to rely thereon; but where vendor has, or claims to have, knowledge as to the value, and the purchaser is ignorant thereof, which fact is known to seller, and the representations are made with the intention that they should be accepted as a fact, and are so accepted by the purchaser, the statement as to value constitutes a representation of a fact.

**6. Vendor and purchaser ⬡37(4)—Representation as to value of lots held a statement of facts.**

Where vendors' agent, knowing that purchaser was a farmer who lived some 30 miles from certain city, that he had never owned any lots in such city, and knew nothing as to the value thereof, and that he was a foreigner and could not read the English language, the agent's representation as to value of lots was the statement of a fact on which purchaser could rely without being required to inquire of others as to the value.

**7. Vendor and purchaser ⬡37(5)—Lack of diligence to ascertain facts does not preclude rescission for misrepresentations.**

Where false representations have been made with the intention that they should be relied upon, and with the purpose of causing purchaser to forego the use of diligence to ascertain the facts, it is no defense to purchaser's action for purchase price, on ground of rescission for misrepresentations, that purchaser by due diligence might have ascertained the facts.

**8. Vendor and purchaser ⬡44—Statements as to others buying and reselling at profit held admissible to show reliance on misrepresentations.**

In purchaser's action to rescind for false representations as to value of lots, evidence that vendors' agent had misrepresented that purchaser's neighbors had recently purchased lots and resold them at a certain profit *held* admissible to show that appellant relied upon the representations of the agents.

**9. Evidence ⬡138—False representations as to purchases and sales at profit admissible to show system.**

In action by purchaser to rescind for false representations, evidence as to false representations that certain neighbors of purchaser had purchased lots and had resold them to other neighbors *held* admissible to show a system to defraud purchasers.

**10. Vendor and purchaser ⬡44—Reliance on former misrepresentations in making second purchase admissible.**

In action by purchaser who had made two purchases of lots to rescind for false representations, testimony by purchaser that in making second purchase he relied on misrepresentations made on his making the first purchase *held* admissible.

**11. Evidence ⬡434(11)—Misrepresentations by agents admissible in spite of provision that agents could not bind vendors by oral statement.**

In purchaser's action to recover purchase money paid and to cancel purchase notes on the ground that he was induced to buy the land by fraudulent representations by vendors' agents, stipulation in contract that the agents had no authority to bind vendors by any act or statement not set forth therein did not estop purchaser from proving that he was induced to enter into the contract by agent's fraudulent misrepresentations; such testimony not varying the terms of the written agreement, but merely showing that no valid contract was ever entered into.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Suit by Phillip Massirer against J. R. Milam and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

E. W. Hander, S. H. Clayton, and E. B. Baker, all of Waco, for appellant.

Davis & Cocke, J. W. Cocke, and W. E. Spell, all of Waco, for appellees.

JENKINS, J. Appellees, through their agents, Wesley Seale and Sam Riley, sold appellant certain lots in what is known as Travis Park addition to the city of Waco. This suit was brought by appellant to recover money that he had paid on said purchase, and to cancel the notes that he had given for the remainder of the purchase money.

[1] For ground of rescission, appellant alleged fraud in said sale: (1) In that said agents represented the lots to be 50x165 feet, when in fact they were only 25x120 feet; (2) that said lots were of the market value of $330, when in fact they were worth only from $20 to $25 each; (3) that certain parties had purchased lots in said addition at the price stated, and resold them at a profit of $100 per lot, when in fact no such resales had been made; and (4) that a contract had been let for building a street railway through said addition. That each and all of said representations were false, and known to be false by appellees and their agents at the time of said sale, and were made for the purpose of inducing appellant to make such purchase. That he believed each and all of said representations to be true, and relied thereon. Appellant also alleged that said agents promised him that they would resell said lots for him within a short time, at an advance of $100 each, which promise was fraudulently made, for the purpose of inducing appellant to purchase said lots, and without any intention of complying with the same. The evidence was sufficient to raise an issue for the jury as to each of these allegations.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellees, in addition to general demurrer and general denial, filed a cross-action to recover on the notes. On the trial of the cause, the court peremptorily instructed the jury to return a verdict for the defendants as against plaintiff's suit, and for recovery on the notes; and judgment was entered accordingly. We presume that the peremptory instruction given by the court was upon the ground that the moving cause which induced appellant to purchase the lots was the promise on the part of the agents to resell the same within a short time, at a profit of $100 each, and that such promise, being made on the part of the agents personally and not for their principals, afforded no ground for rescission of the contract, and no defense to the notes sued on in the cross-action.

[2, 3] If the facts showed that appellant relied solely upon the promise to resell, the judgment of the court would have been correct, but where a number of false representations are made, each of which influences the purchaser in the transaction, and each of which is material, the purchaser may rescind the trade, notwithstanding that one of such promises, without which he would not have made the purchase, affords no ground for rescission. Bonding Co. v. Bomar, 169 S. W. 1062; Allen v. Pendarvis, 60 Okl. 216, 159 Pac. 1117. From Bonding Co. v. Bomar, supra, we quote as follows:

"Because he [Bomar] relied upon the promise to lend him the money, which the law may say he did not have a right to rely upon as an element for the reseission of the contract, it does not argue that Bomar did not rely upon a material representation, which would, with thinking beings, give color and strength to the promise made. Neither can it be said that, if the bare promise only had been made, Bomar would have subscribed to the stock. As the Court of Appeals of New York said (it is true not in a case of blended statements) quoting from an English case: 'We cannot assume, from what was done in ignorance of the misrepresentation, what would have been done if the misrepresentation had been detected.' Harlow v. La Brum, 151 N. Y. 278, 45 N. E. 860.

"We believe it is sufficient to say that if a material misrepresentation is shown to have been relied upon, though blended with other statements which may have partially actuated another's conduct, it is not a defense to then indulge in psychology—to split hairs and attempt a metaphysical division—in order to escape the fraud. At least the question is: Was the statement material? If it were used, though along with other statements, to control Bomar's will and influence, his assent, and concurred to that end, it is fraud."

Appellant testified that he relied upon the promise to resell the lots at a profit, and would not have made the purchase but for such promise. He also testified as follows:

"I believed the statements that Seale made to me before I bought the first time. I be-lieved those statements to be true, and I relied on those representations that he made. On account of those representations, I bought the lots the first time. I believed the statements made by Riley in the second. I relied on those statements. * * * I believed everything that he said. * * * If those statements had not been made to me, I would not have bought the lots. * * * The statement that he would sell the lots was not the only inducement that caused me to buy the lots. I relied on whatever he said. * * * I would not have bought the lots if he [Seale] had not meant everything that he said. I relied on what he said."

Appellees cite the case of Milam v. Launder, 204 S. W. 1071. We have re-examined the record in that case, and find that the appellee testified, in substance, that the promise to resell, made by the agent, was the sole cause that moved him to make the purchase. It will be seen from the above statement that the facts in this case clearly differentiate from the case last cited.

[4] The law as to blended misrepresentations being as it is stated above, it remains to inquire as to whether the representations other than the promise to resell the lots were material in a legal sense. Assuredly the representation that the lots were 50x165 feet, when in fact they were only 25x120, was a material misrepresentation. At the time of the sale, the agents had a map, which had not then been recorded, and upon which there were figures showing the size of the lots to be 25x120 feet. This map was much worn, and the figures on it were very dim. They were not seen by appellant, and he relied upon the representations made by the agents as to the size of the lots.

[5] Ordinarily it may be said that a statement as to value is but the statement of an opinion, and the purchaser has no right to rely thereon. But a statement as to value may be a statement of a fact, and such is the case where the seller has, or claims to have, knowledge as to the value, and the purchaser is in ignorance of the same, which fact is known to the seller, and the representations are made by the seller with the intention that they should be accepted as a fact, and they are so accepted by the purchaser. Stewart v. McAllister, 209 S. W. 705; Riggins v. Trickey, 46 Tex. Civ. App. 569, 102 S. W. 918; McDonald v. Lastinger, 214 S. W. 831; Newton v. Ganss, 26 S. W. 82.

[6] It may be replied that appellant, by the use of ordinary diligence, could have ascertained the true value of the lots. The evidence shows that the appellant is a farmer, who lives some 30 miles from the city of Waco; that he had never purchased or owned any lots in or adjoining Waco; that he knew nothing as to the value of said lots; that he is a foreigner, and cannot read the English language—all of which facts were known to appellees' agents. Under such cir-

cumstances, it was not incumbent on appellant to inquire of others as to the value of the lots.

[7] Where false representations have been made, with the intention that they should be relied upon, it is not necessary to show that the purchaser might have discovered the falsity of said representations by the exercise of ordinary diligence. The purpose of fraudulent representations is to cause the vendee to forego the use of any diligence to ascertain the facts, and, where such representations have that effect, it does not lie in the mouth of the party making the same to say to the victim of his fraud, You should not have believed my statements, though I made them with the intention that you should believe them and be misled thereby, and obtained the contract from you, knowing that I had misled you. Labbe v. Corbett, 69 Tex. 509, 6 S. W. 808; Buchanan v. Burnett, 52 Tex. Civ. App. 68, 114 S. W. 408; Id., 102 Tex. 492, 119 S. W. 1142, 132 Am. St. Rep. 900; Riggins v. Trickey, 46 Tex. Civ. App. 569, 102 S. W. 918; Ford v. Sims, 190 S. W. 1166; White v. Peters, 185 S. W. 659; Peck v. Robinson & Smith, 194 S. W. 457; Western v. Anderson, 45 Tex. Civ. App. 513, 101 S. W. 1064; McDonald v. Lastinger, 214 S. W. 832.

[8] The evidence shows that the agents represented to appellant that certain of his neighbors, including his brother, had recently purchased lots in Travis Park addition, and had resold them at a profit of $100 each. These statements were not true. This testimony was admissible as a circumstance to show that appellant relied upon the representations of the agents as to the value of the lots.

[9] It also appears from the record that these agents, at about the same time, made similar false representations as to resale of lots to other persons, neighbors of appellant. This testimony was admissible as showing a system upon the part of the agents to defraud purchasers, including appellant. Compagnie v. Victoria, 107 S. W. 653.

[10] Appellant made two purchases of lots from appellees' agents. He testified that the representations made in the first purchase were relied upon by him in making the second purchase. This testimony was admissible. Benton v. Kuykendall, 160 S. W. 442.

[11] The contract of purchase signed by appellant herein stated that it was "subject to conditions on the back hereof." On the back of the contract was printed the following:

"The signer of this agreement expressly agrees and understands that no agent has power or authority to bind M. A. Cooper, H. W. Carver, and J. R. Milam, or Travis Park Sale Company by any act or statement not set forth in this document."

Appellees contend that appellant is estopped by this statement to show that he relied upon any false representations made by the agents. Such statement did not have the effect to estop appellant from proving that he was induced to enter into the contract by the fraudulent representations made by the agents. Proof of such representations does not vary the terms of the written contract, but the effect of the same is to show that no valid contract was ever made, for the reason that the pretended contract is vitiated by the fraud whereby the vendee was induced to enter into the same. Case v. Webb, 181 S. W. 855; Bonding Co. v. Bomar, 169 S. W. 1060.

As this case is to be retried, we do not deem it proper to discuss the testimony further than to say that the same was sufficient to raise the issue as to each of the alleged false representations, and that the same should have been submitted to the jury. Such being the fact, and the alleged misrepresentations being material, the court erred in directing a verdict for appellees. We, therefore, reverse and remand this cause for a new trial.

Reversed and remanded.